PEOPLE v SANFORD
PEOPLE v GARDNER

1. ASSAULT AND BATTERY—ASSAULT—INTENT TO ROB—ELEMENTS OF
OFFENSE—CRIMINAL LAW—STATUTES.

The essential elements of the crime of assault with intent to rob
being unarmed are (1) an assault with force and violence, (2) an
intent to rob and steal, and (3) by an unarmed defendant
(MCLA 750.88).

2. ROBBERY—UNARMED ROBBERY—ELEMENTS OF OFFENSE—CRIMINAL
LAW—STATUTES.

The essential elements of the crime of unarmed robbery are (1)
the felonious taking of property from the person or presence of
another, (2) by force and violence, or by assault or putting in
fear, and (3) while not armed with a dangerous weapon (MCLA
750.530).

3. ASSAULT AND BATTERY—CRIMINAL ASSAULT—CRIMINAL LAW.

A criminal assault is any intentional, unlawful offer of violence to
another with the apparent present ability to carry out the offer,
creating a reasonable fear of immediate injury.

4. ASSAULT AND BATTERY—ROBBERY—UNARMED ROBBERY—ELEMENTS
OF OFFENSES—SENTENCING—EQUAL PROTECTION—STATUTES.

Assault with intent to commit robbery unarmed and attempted
unarmed robbery are not the same offense, because the former
requires an assault as an element while the latter requires
either an assault or force and violence which do not necessarily
require the victim to be put in reasonable fear of immediate
harm as does an assault, therefore, a maximum prison sentence
of 15 years for assault with intent to commit robbery unarmed
does not deny a defendant of equal protection even though the

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 67 Am Jur 2d, Robbery § 80.
[2, 4] 67 Am Jur 2d, Robbery § 10 *et seq.*
[3, 4] 6 Am Jur 2d, Assault and Battery § 3.
[5] 63 Am Jur 2d, Prosecuting Attorneys § 26.
[6] 75 Am Jur 2d, Trial §§ 615, 884.

maximum sentence for attempted unarmed robbery is only 5 years (MCLA 750.88, 750.530).

5. CRIMINAL LAW—PROSECUTORS—DISCRETION—APPLICABLE STATUTES.

A prosecutor has the discretion to charge a defendant under either of two applicable statutes.

6. CRIMINAL LAW—INSTRUCTIONS TO JURY—FAILURE TO INSTRUCT—UNANIMOUS VERDICT—MISCARRIAGE OF JUSTICE—COURT RULES.

Failure of a trial judge to instruct a jury that their verdict must be unanimous, where defense counsel neither requested such an instruction nor objected to the judge's failure to give it, does not mandate reversal of a defendant's conviction except in the case of a miscarriage of justice, and no miscarriage of justice is shown where the record reveals that the jury was instructed on the requirement of unanimity during their orientation and all the jurors acknowledged to the trial judge that they agreed on the verdict (GCR 1963, 516.2).

Appeal from Recorder's Court of Detroit, Robert L. Evans, J. Submitted June 11, 1975, at Detroit. (Docket Nos. 21030, 21149.) Decided October 14, 1975. Leave to appeal applied for.

Dwight Sanford and Reginald L. Gardner were convicted of assault with intent to rob being unarmed. Defendants appeal. Affirmed.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Patricia J. Boyle,* Principal Attorney, Research, Training and Appeals and *Robert A. Reuther,* Assistant Prosecuting Attorney, for the people.

*Carl Ziemba,* for defendants.

Before: BRONSON, P. J., and V. J. BRENNAN and D. E. HOLBROOK, JR., JJ.

V. J. BRENNAN, J. On May 10, 1974, a jury convicted defendants Gardner and Sanford of as-

sault with intent to rob being unarmed, MCLA 750.88; MSA 28.283. Both defendants received prison sentences of 2 to 15 years, and appeal as of right.

At trial, the prosecution contended that the two defendants assaulted one Booker Anderson as Anderson was leaving a drug store. Anderson was struck several times, dragged into an alley and then searched by his assailants. A neighborhood resident frightened off the attackers before they could actually take any of Anderson's possessions. Defendants were arrested the next day. They contended that Anderson incorrectly identified them as his assailants. The record does not support this contention.

Defendants next contend that the crime they were convicted of, assault with intent to rob being unarmed, is the same offense as attempted unarmed robbery. They contend that since assault with intent to rob being unarmed carries only a 15-year maximum sentence, and attempted unarmed robbery carries only a 5-year maximum, it is a denial of equal protection to have two statutes, with different penalties, prohibiting the same conduct. We disagree with defendants' theory that the two statutes are aimed at prohibiting the same conduct.

MCLA 750.88; MSA 28.283 makes criminal any assault with intent to rob being unarmed:

> "Any person, not being armed with a dangerous weapon, who shall assault another with force and violence, and with intent to rob and steal, shall be guilty of a felony, punishable by imprisonment in the state prison not more than fifteen [15] years."

The essential elements of this crime are (1) an assault with force and violence; (2) an intent to rob

and steal; and, (3) defendant being unarmed. *People v Compian,* 38 Mich App 289; 196 NW2d 353 (1972). This offense requires an assault and the intent, but not necessarily the taking.

MCLA 750.530; MSA 28.798 makes criminal any unarmed robbery:

> "Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than fifteen [15] years."

The essential elements of an unarmed robbery are (1) felonious taking of property from the person or presence of another; (2) by force and violence, or by assault or putting in fear; and, (3) while not armed with a dangerous weapon. See *People v Tolliver,* 46 Mich App 34; 207 NW2d 458 (1973).

The elements of an attempted unarmed robbery charge would necessarily be (1) an attempted felonious taking of property from the person or presence of another; (2) by force or violence or by assault or putting in fear; and, (3) while not armed with a dangerous weapon. Under MCLA 750.92; MSA 28.287, any attempted unarmed robbery would constitute a crime punishable by five years imprisonment.

Defendants attempt to show that attempted unarmed robbery and assault with intent to rob unarmed are the same offense by arguing that both statutes require an assault as a necessary element. This, however, is not the case. The assault with intent to rob unarmed statute speaks of "anyone who shall assault". The unarmed robbery

statute speaks of anyone who shall rob "by force and violence, *or* assault or putting in fear". (Emphasis added.) Defendants note this distinction, but claim that "force and violence" is merely another way of describing an assault. Michigan criminal law, however, defines a criminal assault as any intentional, unlawful offer of violence to another with the apparent present ability to carry out the offer, creating a reasonable fear of immediate injury. *People v Carlson,* 160 Mich 426; 125 NW 361 (1910), *Tinkler v Richter,* 295 Mich 396; 295 NW 201 (1940); but see *People v Syakovich,* 32 Mich App 356; 188 NW2d 642 (1971). An "assault" requires that the victim be put in reasonable fear of immediate harm; "force and violence" does not. A person may be "forcefully and violently" attacked and robbed while never even seeing his assailant. The same person may not, however, be "assaulted" unless he perceives the danger. Because MCLA 750.88; MSA 28.283 requires an assault as an element, and because MCLA 750.530; MSA 28.798 requires either an assault or force and violence, the two statutes prohibit different crimes. The prosecutor properly has the discretion to charge defendants under either statute. *Genesee Prosecutor v Genesee Circuit Judge,* 386 Mich 672; 194 NW2d 693 (1972).

Defendants further contend that the trial judge's failure to instruct the jury that their verdict must be unanimous mandates reversal. Defense counsel, who is also counsel on appeal, neither requested such an instruction nor objected to the trial judge's failure to give it. Under these circumstances, we would reverse only to prevent a miscarriage of justice. See *People v Fry,* 55 Mich App 18; 222 NW2d 14 (1974); GCR 1963, 516.2. Since the record in this case reveals that the jury was instructed on

the unanimity requirement during their orientation, and that all the jurors acknowledged to the trial judge that they agreed on the verdict, we find no miscarriage of justice.

Defendants' allegation that the trial judge affirmatively excluded lesser included offenses from the jury's consideration is not supported by the record. The instruction given in this case was approved of in *People v Taylor,* 44 Mich App 640; 205 NW2d 884 (1973), and *People v Goldfarb,* 37 Mich App 57; 194 NW2d 535 (1971).

The failure of the trial judge to give defendants' requested identification instruction was not erroneous, as the judge did give an instruction that was substantially similar to the one requested.

Defendants' remaining issue has been reviewed and the Court feels discussion is without merit.

Affirmed.