PEOPLE v CHANDLER

Docket No. 135813. Submitted April 7, 1993, at Detroit. Decided July
    26, 1993; approved for publication September 28, 1993, at 9:00
    A.M.

    Harold L. Chandler was convicted in a bench trial in the Detroit
    Recorder's Court, Michael J. Talbot, J., of assault with intent to
    rob while unarmed and was sentenced to 3½ to 15 years'
    imprisonment. He appealed, alleging that the evidence was
    insufficient to establish that he committed the crime.

    The Court of Appeals held:

    1. The evidence is insufficient to support the conviction of
    assault with intent to rob while unarmed. Although the defen-
    dant told the victim that he wanted the victim's car and
    threatened to shoot the victim, the defendant did not have the
    present ability to carry out the threat because he was not
    armed. Furthermore, there was no physical force or violence
    involved.

    2. The evidence is sufficient to support a conviction of at-
    tempted unarmed robbery. The defendant clearly attempted to
    take the victim's car and did so by putting the victim in fear,
    but the defendant was unarmed and failed to accomplish the
    robbery.

    3. The conviction of assault with intent to rob while unarmed
    must be vacated and the case remanded to the trial court for
    entry of a judgment of conviction of attempted unarmed rob-
    bery and for resentencing.

    Vacated and remanded.

1. CRIMINAL LAW — ASSAULT WITH INTENT TO ROB WHILE UNARMED
    — ELEMENTS.

    The essential elements of the offense of assault with intent to rob
    while unarmed are: an assault with force and violence, an
    intent to rob and steal, and the defendant being unarmed; the
    offense involves an attempt or offer to do corporal injury, with
    the present intention and present ability to carry out the offer,
    i.e., a criminally assaultive act (MCL 750.88; MSA 28.283).

---

REFERENCES

Am Jur 2d, Assault and Battery §§ 3, 13, 32; Robbery §§ 85, 86.
See ALR Index under Assault and Battery; Robbery.

2. CRIMINAL LAW — ATTEMPTED UNARMED ROBBERY — ELEMENTS.

The essential elements of the offense of attempted unarmed robbery are: an attempted felonious taking of property from the person of another, by force and violence or by assault or by putting in fear, and the defendant being unarmed; the offense may or may not include a criminal assault and may be accomplished by force and violence or by putting the victim in fear; the defendant need not possess the present ability to carry out the threat of force or violence (MCL 750.92, 750.530; MSA 28.287, 28.798).

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Chief of Research, Training, and Appeals, and *Jeffrey Caminsky,* Assistant Prosecuting Attorney, for the people.

State Appellate Defender (by *Charles J. Booker*), for the defendant on appeal.

Before: MARILYN KELLY, P.J., and SHEPHERD and CONNOR, JJ.

PER CURIAM. Following a bench trial on September 20, 1990, defendant was convicted of assault with intent to rob while unarmed, MCL 750.88; MSA 28.283. On October 11, 1990, he was sentenced to 3½ to 15 years' imprisonment. He appeals as of right.

Defendant argues that there was insufficient evidence to establish that he committed the crime of assault with intent to rob while unarmed. We agree.

When reviewing a claim of insufficient evidence following a bench trial, this Court must view the evidence in a light most favorable to the prosecution and determine whether a rational trier of fact could have found that the essential elements of the crime were proven beyond a reasonable doubt.

*People v Petrella,* 424 Mich 221, 268-270; 380 NW2d 11 (1985). Circumstantial evidence, and reasonable inferences arising from the evidence, may constitute satisfactory proof of the elements of the offense. *People v Drayton,* 168 Mich App 174, 176; 423 NW2d 606 (1988).

MCL 750.88; MSA 28.283 provides:

> Any person, not being armed with a dangerous weapon, who shall assault another with force and violence, and with intent to rob and steal, shall be guilty of a felony, punishable by imprisonment in the state prison not more than fifteen years.

MCL 750.530; MSA 28.798 provides:

> Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than fifteen years.

MCL 750.92; MSA 28.287 provides, in pertinent part:

> Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no express provision is made by law for the punishment of such attempt, shall be punished as follows:
>
> * * * .
>
> 2. If the offense so attempted to be committed is punishable by imprisonment in the state prison for life, or for 5 years or more, the person convicted of

such attempt shall be guilty of a felony, punishable by imprisonment in the state prison not more than 5 years or in the county jail not more than 1 year.

In *People v Sanford,* 402 Mich 460; 265 NW2d 1 (1978), the Court compared the offense of assault with intent to rob while unarmed, MCL 750.88; MSA 28.283, which carries a fifteen-year maximum sentence, with the offense of attempted unarmed robbery, MCL 750.92; MSA 28.287 and MCL 750.530; MSA 28.798, which carries a five-year maximum sentence. The Court found that the former is conjunctive and the latter is disjunctive:

> The assault with intent to rob unarmed statute is conjunctive; there must be an assault with force and violence. The attempted robbery unarmed statute is disjunctive; the offense can be accomplished either by force and violence, or by assault, or putting in fear. Attempted robbery unarmed may therefore be committed simply by putting someone in fear while assault with intent to rob unarmed requires an assault with force and violence. [*Sanford, supra,* pp 473-474.]

In a footnote, the Court gave the essential elements of the two offenses: the essential elements of assault with intent to rob while unarmed are (1) an assault with force and violence, (2) an intent to rob and steal, and (3) defendant being unarmed; the essential elements of attempted unarmed robbery are (1) an attempted felonious taking of property from the person of another, (2) by force and violence or by assault or by putting in fear, and (3) defendant being unarmed. *Id.,* p 474, n 1. The Court further explained in the footnote the difference between the two offenses:

> An assault with intent to rob being unarmed

necessarily involves an attempt or offer to do corporal injury, with the present intention and *present ability* to carry out the offer. In other words, there *must* be a criminally assaultive act.

Attempted unarmed robbery may or may not include a criminal assault. An attempted unarmed robbery may also be accomplished by force and violence or by putting in fear. Attempted unarmed robbery does not necessarily require an assault. Therefore, it is obvious that the defendant need not possess the *present* ability to carry out the offer. [*Id.,* emphasis in the original.]

Thus, to show an assault with intent to rob while unarmed requires an assault, i.e., an attempt or offer to do corporal injury with the present intention and present ability to carry out that offer, with force and violence, and with the intent to rob and steal, and the defendant being unarmed. Although the Court did not explain whether the force and violence must be physical, we note that CJI2d 17.14 defines force and violence to mean physical force:

As used in these instructions, the words "force and violence" mean any use of physical force against another person so as to harm or embarrass him.

In light of the foregoing, we agree with defendant that the evidence was insufficient to support his conviction of assault with intent to rob while unarmed.

At trial, Detroit Police Officer Edgar Varney testified that on June 3, 1990, at approximately 3:20 A.M., he had just left work and was in plain clothes in his own private vehicle driving home alone on northbound St. Jean, when he stopped for a light at East Warren. Varney saw defendant and another man standing on the northeast corner of

Warren and St. Jean approximately fifteen feet apart. The other man started walking southwest across Warren, and defendant started walking across Warren directly toward Varney's vehicle. Defendant "had his hand down to his right leg, and behind his right leg his hand was out of sight."

Approximately fifteen feet from Varney's vehicle, defendant began yelling repeatedly that he wanted Varney's car. As defendant was approaching the driver's side of the vehicle, his hand was still down at his leg but behind and out of view. When defendant reached the vehicle, he told Varney to get out of the car or he would blow Varney's head off.

Varney stuck his hand out the window with his gun in it, told defendant that he was a police officer, got out of the vehicle, and then saw that defendant had nothing in his hand. No property was taken from Varney.

Although defendant made an offer to do corporal injury by stating "I'll blow your head off," he did not have the present ability to carry out that offer, nor was any physical force or violence involved. Therefore, the evidence is insufficient to support defendant's conviction of assault with intent to rob while unarmed.

However, the evidence is sufficient for the lesser crime of attempted unarmed robbery. MCL 750.92; MSA 28.287 and MCL 750.530; MSA 28.798. Defendant clearly attempted to take Varney's car. Defendant did so by putting Varney in fear. Defendant was unarmed, and he failed in the perpetration of the offense.

Therefore, we vacate defendant's conviction of assault with intent to rob while unarmed and remand for entry of a judgment of conviction of attempted unarmed robbery and for resentencing.