PEOPLE v REEVES

Docket No. 185225. Submitted November 20, 1996, at Detroit. Decided
    February 25, 1997, at 9:20 A.M. Leave to appeal sought.
    Fred D. Reeves was convicted in a bench trial in the Recorder's Court
    for the City of Detroit, Margie R. Braxton, J., of assault with intent
    to rob while unarmed and was sentenced to one to fifteen years'
    imprisonment. He appealed.

    The Court of Appeals *held*:

    1. The prosecution presented sufficient evidence to satisfy the
    intent element of the crime.

    2. The trial court's findings with regard to the defendant's intent
    were not clearly erroneous.

    3. The prosecution failed to introduce sufficient evidence to sat-
    isfy another element of the crime: an assault with force and vio-
    lence. The assault element requires an attempt or offer to do corpo-
    ral injury with the present intention and present ability to carry out
    that offer, with force and violence. Here, the prosecution failed to
    introduce evidence of the defendant's present ability to carry out
    his threat. The conviction must be vacated and the matter must be
    remanded to the trial court for a determination whether sufficient
    evidence was presented to convict the defendant of a lesser
    included offense and, if so, for entry of a judgment of conviction of
    such offense and for resentencing of the defendant.

    Vacated and remanded.

ASSAULT AND BATTERY — ASSAULT WITH INTENT TO ROB WHILE UNARMED —
    ELEMENTS.
    The elements of the offense of assault with intent to rob while
    unarmed are an assault with force and violence, an intent to rob
    and steal, and the defendant being unarmed; the assault element
    requires an attempt or offer to do corporal injury with the present
    intention and present ability to carry out that offer, with force and
    violence (MCL 750.88; MSA 28.283).

*Frank J. Kelley*, Attorney General, *Thomas L.
Casey*, Solicitor General, *John D. O'Hair*, Prosecuting
Attorney, *Timothy A. Baughman*, Chief of Research,

Training, and Appeals, and *Jeffrey Caminsky*, Assistant Prosecuting Attorney, for the people.

*Paul G. Staten*, for the defendant on appeal.

Before: TAYLOR, P.J., and MARKMAN and P. J. CLULO*, JJ.

MARKMAN, J. Defendant appeals as of right from his bench trial conviction of assault with intent to rob while unarmed (AWIR-U), MCL 750.88; MSA 28.283. We vacate defendant's conviction of AWIR-U and remand for determination if sufficient evidence was presented to convict defendant of a lesser included offense and, if so, for entry of a judgment of conviction of such charge and for resentencing.

Complainant Brown, a truckdriver, testified that in April 1994 he was making a delivery of beer to a party store when defendant approached him at his truck and requested a case of beer. When Brown refused, defendant threatened him and Brown saw that defendant had his hand in a diaper bag that he was holding, suggesting that he was in the possession of a gun. Defendant then instructed Brown to give him two cases of beer, and Brown complied by placing two cases on the sidewalk. As Brown was about to return to his truck, he saw a nearby police car and reported the incident.

The officers testified that they observed defendant walking down the street with a diaper bag. They stopped him and found no weapons after searching him. Because a crowd gathered, they were unable to recover and search the diaper bag, but they recovered

---

* Circuit judge, sitting on the Court of Appeals by assignment.

the two cases of beer that were still on the sidewalk. Defendant admitted carrying a diaper bag and requesting a case of beer. But he indicated that he was not trying to steal the beer by explaining that he continued walking past the truck after requesting the beer, that the alleged "threat" was just a line from a television commercial and, that he saw the nearby police car. The trial court stated that the present matter presented a credibility contest between Brown and defendant. It stated that it believed Brown's testimony and found defendant guilty of AWIR-U.

The elements of AWIR-U are "(1) an assault with force and violence, (2) an intent to rob and steal, and (3) defendant being unarmed." *People v Chandler*, 201 Mich App 611, 614; 506 NW2d 882 (1993). Robbery requires the intent to permanently deprive the owner of his property. *People v King*, 210 Mich App 425, 428; 534 NW2d 534 (1995).

On appeal, defendant focuses on the issue of intent. Defendant first contends that the prosecution failed to present sufficient evidence of his intention to permanently deprive Brown of his property to convict him of AWIR-U. When reviewing the sufficiency of the evidence in a criminal case, this Court views the evidence in the light most favorable to the prosecution to determine whether a rational factfinder could have found the essential elements of the crime proved beyond a reasonable doubt. *People v Wolfe*, 440 Mich 508, 515; 489 NW2d 748 (1992), amended on other grounds 441 Mich 1201 (1992). "Circumstantial evidence and reasonable inferences drawn therefrom may be sufficient to prove the elements of a crime." *People v Jolly*, 442 Mich 458, 466; 502 NW2d 177 (1993). Contrary to defendant's contention, "it is

unnecessary for the prosecutor to negate every reasonable theory consistent with the defendant's innocence." *People v Carson*, 189 Mich App 268, 269; 471 NW2d 655 (1991). On the basis of the evidence presented here, a rational trier of fact could find that when defendant requested the beer and threatened Brown, he did so with the intention of permanently depriving Brown of the beer.

Defendant next argues that the trial court's findings of fact were insufficient because they do not address the issue of intent. Findings of fact are sufficient if it appears from the record that the trial court "was aware of the issues in the case and correctly applied the law." *People v Legg*, 197 Mich App 131, 134; 494 NW2d 797 (1992). A trial court is not required to make specific findings regarding each element of a crime. *Id.* at 134. Here, the trial court noted that it was faced with a credibility contest and that it believed Brown's testimony over defendant's testimony. It specifically found that defendant's behavior—walking away and not picking up the cases of beer—was explained by his having seen the police, albeit at a later time than he testified. These findings indicate that the trial court considered defendant's arguments regarding intent, but was unpersuaded by them. We hold that the court's findings of fact were sufficient.

Next, defendant contends that one of the trial court's findings was contrary to the evidence. On appeal, this Court will not disturb trial court findings of fact unless they are clearly erroneous. *People v Gistover*, 189 Mich App 44, 46; 472 NW2d 27 (1991). Defendant claims that the trial court's finding that defendant saw the police before walking away from

the beer truck contradicted his testimony. In fact, defendant testified that he saw the police car as he was passing Brown and that he saw the police "all the time." Accordingly, this finding of the trial court was not clearly erroneous.

While we find no merit in defendant's arguments regarding the intent element of AWIR-U, Michigan Supreme Court precedent obligates us to find that the prosecution failed to introduce sufficient evidence of another element of AWIR-U: an *assault* with force and violence. In *Chandler*, this Court held that the assault element of AWIR-U requires "an attempt or offer to do corporal injury with the present intention and present ability to carry out that offer, with force and violence . . . ." *Chandler*, *supra* at 615, citing *People v Sanford*, 402 Mich 460, 474, n 1; 265 NW2d 1 (1978). Here, as in *Chandler*, the prosecution failed to introduce evidence of defendant's present ability to carry out his threat. Defendant used no physical force or violence, Brown never actually saw a weapon, the police found no weapon during their search of defendant, and the contents of the diaper bag were never discovered. Defendant, armed only with a diaper bag, could not have "presently" carried out his implied threat to shoot Brown. Therefore, under *Sanford* and *Chandler*, the assault element of AWIR-U is not met here.

Because the evidence is insufficient to convict defendant of AWIR-U under *Sanford* and *Chandler*, we will vacate defendant's conviction of AWIR-U and remand this matter to the trial court. In such circumstances, the appropriate remedy is to remand for consideration of entry of a conviction of a lesser included offense and for resentencing. *People v Johnson*, 206 Mich App 122, 125; 520 NW2d 672 (1994); *Chandler*,

*supra* at 615. Accordingly, on remand, we direct the trial court to determine if sufficient evidence was presented to convict defendant of a lesser included offense, and if so, to enter a judgment of conviction of such charge and resentence defendant.

We question the language in the Michigan Supreme Court's *Sanford* opinion and in this Court's opinion in *Chandler* that indicates that an assault requires a "present ability" to carry out a threat of violence. This definition is contrary to traditional definitions of assault that focus on an *apparent* present ability from the perspective of the victim. For example, Black's Law Dictionary (5th ed) states "[a]ny willful attempt or threat to inflict injury upon the person of another, when coupled with an apparent present ability so to do, and any intentional display of force such as would give the victim reason to fear or expect immediate bodily harm, constitutes an assault." 2B Gillespie, Michigan Criminal Law & Procedure (2d ed), § 1015, p 325, defines assault as "an attempt or offer, with force and violence, to do corporal hurt to another, with an apparent present means of carrying out the attempt."

In *Sanford*, the complainant was actually struck by the defendants; therefore whether there was the "present ability" to carry out a threat was not at issue. *Sanford* involved claims that the elements of AWIR-U, MCL 750.88; MSA 28.283 (fifteen-year maximum sentence), and attempted unarmed robbery, MCL 750.530; MSA 28.798 and MCL 750.92; MSA 28.287 (five-year maximum sentence), were identical and that it was a violation of equal protection principles for statutes prohibiting the same conduct to have different penalties. This Court had earlier affirmed the

convictions of AWIR-U. *People v Sanford*, 65 Mich App 101; 237 NW2d 201 (1975). It had defined criminal assault as "any intentional, unlawful offer of violence to another with the apparent present ability to carry out the offer, creating a reasonable fear of immediate injury." *Id.* at 105. It distinguished AWIR-U from attempted unarmed robbery on the basis that AWIR-U requires an assault while attempted unarmed robbery requires either an assault or actual force and violence (which does not necessarily require that there be a perception or apprehension of danger before its occurrence). *Id.* The Michigan Supreme Court affirmed the convictions of AWIR-U. *Sanford*, 402 Mich 460. However, it specifically disagreed with this Court's definition of assault that required that "the victim be put in reasonable fear of immediate harm." 402 Mich 475, 479. It held, at 479:

> We adopt what Perkins on Criminal Law (2d ed), p 117 says is the majority rule, namely "a simple criminal assault 'is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.'"

This definition does not contain an explicit "present ability" element. However, in discussing AWIR-U, the Supreme Court stated in *Sanford* at 474, n 1:

> An assault with intent to rob being unarmed necessarily involves an attempt or offer to do corporal injury, with the present intention and present ability to carry out the offer. In other words, there must be a criminally assaultive act.
>
> Attempted unarmed robbery may or may not include a criminal assault. An attempted unarmed robbery may also be accomplished by force and violence or by putting in fear. Attempted unarmed robbery does not necessarily require an

assault. Therefore, it is obvious that the defendant need not possess the present ability to carry out the offer.

Therein lies what we believe to be the policy rationale for attaching a 15-year maximum sentence to assault with intent to rob being unarmed while requiring only a 5-year maximum sentence for attempted unarmed robbery.

*An assault with intent to rob being unarmed necessarily involves an offer to do injury with the present ability to carry out that offer.* Hence, the crime is always more dangerous vis-à-vis potential victims. [Emphasis supplied.]

This specific discussion of AWIR-U includes a "present ability" requirement not contained in the *Sanford* Court's own definition of assault, *id.* at 479. Accordingly, there is some ambiguity in *Sanford* regarding whether "present ability" is an essential element of an assault.

Further, subsequent decisions of the Michigan Supreme Court have cast doubt on whether an assault requires a "present ability" to carry out a threat. In *People v Stevens*, 409 Mich 564, 566-567; 297 NW2d 120 (1980), which considered whether an inoperable starter pistol could constitute a "dangerous weapon" to support a felonious assault conviction, the Court stated:

Certainly, under *People v Sanford, supra,* and *People v Joeseype Johnson,* 407 Mich 196; 284 NW2d 718 (1979), the victim's *reasonable apprehension* can establish the element of an assault in a felonious assault prosecution under MCL 750.82; MSA 28.277. However, those cases provide no authority for the conclusion that the victim's apprehension of an object can transform it into a "dangerous weapon." [Emphasis added.]

In *People v Jones*, 443 Mich 88, 100; 504 NW2d 158 (1993), the Court stated:

Felonious assault is defined as a simple assault aggra-
vated by the use of a weapon. As such, it includes the ele-
ment of present ability or *apparent present ability* to com-
mit a battery. [Citations omitted; emphasis added.]

See also *People v Grant*, 211 Mich App 200, 202; 535
NW2d 581 (1995). These authorities indicate that any
"present ability" element encompasses an *apparent*
present ability.

We note that a "present ability" requirement
appears inconsistent with the statutory context of
AWIR-U. It is anomalous for AWIR-U to require that a
defendant threatening to shoot someone have an
actual, operational gun while AWIR-armed, MCL 750.89;
MSA 28.284, the more serious offense, requires only
the use of "any article used or fashioned . . . to lead a
person so assaulted reasonably to believe it to be a
dangerous weapon." This anomoly is especially strik-
ing because AWIR-U is obviously a lesser included
offense of AWIR-armed.

In light of the troubling consequences of a defini-
tion of assault that rejects the traditional focus on
apparent present ability in favor of a requirement that
there be actual "present ability" to carry out a threat,
we urge the Michigan Supreme Court to revisit this
issue. We respectfully direct the Court's attention to
*People v Smith (On Rehearing)*, 89 Mich App 478;
280 NW2d 862 (1979), which involved an inmate's
attempt to shoot a guard with the guard's unloaded
gun. The *Smith* Court addressed the "present ability"
requirement of *Sanford* and *People v Lilley*, 43 Mich
521; 5 NW 982 (1880).[1] The *Smith* Court rejected the

---

[1] In *Lilley*, the defendant threatened the complainant with a knife and
began advancing toward him but was stopped by a bystander when still

"argument that an assault conviction requires proof that the defendant not only attempted a battery but also possessed the actual means to inflict that battery." *Smith, supra* at 485. It stated, at 485-487:

> First, given the context of the "present ability" language in *Lilley*, it is apparent that the Court was discussing the necessity of the criminal act being sufficiently proximate to the intended battery to constitute an attempt. *Lilley* did not involve the question whether the defendant had the actual means to execute the battery, but whether the defendant's acts had proceeded far enough toward that end to constitute an assault. . . .
>
> Second, we have been unable to discover any Michigan case in which an assault conviction based upon an attempted battery was precluded merely because of the factual impossibility of executing the battery.
>
> Third, the rule urged upon us by the defendant has no rational foundation in law or in policy. Factual impossibility has never been a defense to a criminal attempt. Further-

---

ten to fifteen feet away from the complainant. *Lilley, supra* at 523. The *Lilley* Court rejected the lower court's instruction that "any intent to commit violence accompanied by acts which, if not interrupted, will be followed by bodily injury, is sufficient to constitute an assault, although the assailant may not be at any time within striking distance." *Id.* at 524. It held, at 524-526:

> Now there may be an intent to commit violence, and this accompanied by acts preparatory thereto, which if followed up would clearly constitute an assault, yet owing to the distance and surrounding circumstances, no possible assault would have been committed. . . . Other facts must be added, and this we shall see must be a present ability to carry out the intent. The act done must have been sufficiently proximate to the thing intended. . . .

> \*      \*      \*

> An assault is defined to be an inchoate violence to the person of another, with the present means of carrying the intent into effect. Threats are not sufficient; there must be proof of violence actually offered, and this within such a distance as that harm might ensue if the party was not prevented.

more, we perceive no good reason for exculpating a defendant charged with attempted battery because fortuitous circumstances unknown to him prevented his achieving his criminal object. The instant case amply demonstrates the absurdity of such a rule.

Accordingly, we hold that if a defendant intends to commit a battery and perpetrates acts sufficiently proximate to that end to constitute an attempt, he is guilty of a criminal assault notwithstanding the absence of his actual present ability[4] to commit the battery. [Citations omitted.]

---

[4] In so holding we are not eliminating the "present ability" requirement mentioned in *Lilley* and more recently in *People v Sanford*, 402 Mich 460; 265 NW2d 1 (1978); we are merely construing and applying it in a manner consistent with the intent of the authors of *Lilley*, with the historic common-law definition of assault, and with common sense.

---

We agree with the *Smith* Court's analysis of "present ability" with respect to assault. The *Lilley* Court clearly used the "present ability" language to convey the requirement that a defendant's actions must proceed far enough to constitute an attempted battery. In neither *Lilley* nor *Sanford* was the issue whether the defendant had the means to execute a threatened battery. To the extent that *Sanford* indicates that an assault requires a "present ability" to carry out an act of violence, and consequently that the factual impossibility of executing a threatened battery is fatal to a finding of assault, we believe *Sanford* has taken *Lilley* out of its longstanding historical context.

Despite our deep misgivings regarding the assault definition set forth in n 1 of *Sanford*, 402 Mich 474, and reiterated in *Chandler*, it has been set forth explicitly by the Supreme Court. Accordingly, we fol-

low it and vacate defendant's conviction of AWIR-U. We remand for determination if sufficient evidence was presented to convict defendant of a lesser included offense and, if so, for entry of a judgment of conviction of such charge and for resentencing. We do not retain jurisdiction.