# STATE OF MICHIGAN

# COURT OF APPEALS

---

PEOPLE OF THE STATE OF MICHIGAN,

      Plaintiff-Appellee/Cross-Appellant,

v

ANTHONY RAMON TRICE,

      Defendant-Appellant/Cross-
      Appellee.

UNPUBLISHED
April 26, 2016

No. 325290
Kalamazoo Circuit Court
LC No. 2014-000243-FH

---

Before: SAAD, P.J., and BORRELLO and GADOLA, JJ.

PER CURIAM.

A jury convicted defendant of possession of less than 50 grams of cocaine with intent to deliver, MCL 333.7401(2)(a)(*iv*), and possession of marijuana, MCL 333.7403(2)(d). Defendant was sentenced as a fourth-offense habitual offender, MCL 769.12, to two days in jail for each conviction, with credit for two days, and to 48 months' probation in the Swift and Sure Sanctions program. Defendant appeals, and the prosecution cross-appeals. We affirm defendant's convictions but remand for further sentencing proceedings consistent with this opinion.

On appeal, defendant claims that there was insufficient evidence for the jury to find him guilty of possession of less than 50 grams of cocaine with intent to deliver. An appeal based on the sufficiency of the evidence is reviewed de novo. *People v Henderson*, 306 Mich App 1, 8; 854 NW2d 234 (2014). When considering the sufficiency of the evidence, this Court views the evidence in the light most favorable to the prosecution and determines whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *Id*. at 8-9.

The elements of possession of less than 50 grams of cocaine with intent to deliver include: (1) the substance is cocaine, (2) it weighs less than 50 grams, (3) defendant was not authorized to possess the cocaine, and (4) defendant knowingly possessed the cocaine with the intent to deliver. *People v Wolfe*, 440 Mich 508, 516-517; 489 NW2d 748 (1992), mod 441 Mich 1201 (1992); see also MCL 333.7401(2)(a)(*iv*). "The element of knowing possession with intent to deliver has two components: possession and intent." *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). "Possession with intent to deliver can be established by circumstantial evidence and reasonable inferences arising from that evidence." *Wolfe*, 440 Mich at 526.

On appeal, defendant only challenges the jury's finding that he knowingly possessed the cocaine. In this case, the police received a tip indicating that defendant would be selling cocaine and that the cocaine might be hidden in his pants. The evidence supported that while defendant was being transported to the police station, he was heard moving quite a bit and kicking in the back seat of the police car. Defendant was captured on the police car's video making a gesture that was consistent with him putting something out of the window of the police car. Upon reviewing videos from his police car, the officer who transported defendant to jail concluded that defendant's movement occurred at the same location where a baggie containing 28 grams of cocaine was found approximately one-half hour later. Furthermore, the cocaine was not visible in the road in the images captured by the dashboard camera of the car transporting defendant to jail, but was visible in the road in the images captured by the dashboard camera of a police car that followed approximately two minutes later. On the basis of this evidence, the jury could reasonably find that defendant had the cocaine hidden on his person when he was placed in the police car, and that he then tossed it out of the window of the police car on the way to the police station. Thus, although circumstantial, the evidence was sufficient to support the jury's conclusion that defendant possessed the cocaine. See *People v Hardiman*, 466 Mich 417, 423-424; 646 NW2d 158 (2002); *People v Chandler*, 201 Mich App 611, 613; 506 NW2d 882 (1993).

On cross-appeal, the prosecution claims that the trial court erred when it failed to state on the record substantial and compelling reasons for its departure from the sentencing guidelines. Subsequent to defendant's sentencing, however, our Supreme Court held that Michigan's sentencing guidelines were advisory only and struck down "the requirement in MCL 769.34(3) that a sentencing court that departs from the applicable guidelines range must articulate a substantial and compelling reason for that departure." *People v Lockridge*, 498 Mich 358, 364-365; 870 NW2d 502 (2015). Thus, the prosecution's claim that the trial court erred by failing to state substantial and compelling reasons for its downward departure is no longer viable under Michigan law. *Id*.; see *People v Steanhouse*, ___ Mich App ___; ___ NW2d ___ (Docket No 318329, issued October 22, 2015); slip op, p 21 n 14 ("Because a trial court is no longer required to provide a substantial and compelling reason for a departure from the sentencing guidelines under *Lockridge*, we need not review defendant's argument specifically concerning whether the reasons articulated by the trial court were substantial and compelling.")

In *Lockridge*, 498 Mich at 392, the Court stated that "[a] sentence that departs from the applicable guidelines range will be reviewed by an appellate court for reasonableness." However, in *Steanhouse*, this Court recognized that *Lockridge* did not set out the appropriate procedure for reviewing the reasonableness of a departure sentence. *Steanhouse*, ___ Mich App at ___ (slip op at 21). As a result, the *Steanhouse* Court adopted the "principle of proportionality" test that was in place under *People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990), and held "that a sentence that fulfills the principle of proportionality under *Milbourn* and its progeny constitutes a reasonable sentence under *Lockridge*." *Steanhouse*, ___ Mich App at ___ (slip op at 24). This Court later explained that

> [i]n a nutshell, *Milbourn*'s "principle of proportionality" requires a sentence "to be proportionate to the seriousness of the circumstances surrounding the offense and the offender." *Milbourn*, 435 Mich at 636. [*People v Masroor*, ___ Mich

App ___; ___ NW2d ___ (Docket No 322280, issued November 24, 2015), slip op, p 7.][1]

This Court in *Steanhouse* set forth the following procedure that should be followed when reviewing a defendant's departure sentence:

> Given that *Lockridge* overturned the substantial and compelling reason standard, *Lockridge*, ___ Mich at ___; slip op at 29, which was in place at the time of defendant's sentencing, and given our conclusion that the principle of proportionality established under *Milbourn* and its progeny is now the appropriate standard by which a defendant's sentence should be reviewed, we also find that the procedure articulated in *Lockridge*, and modeled on that adopted in *United States v Crosby*, 397 F3d 103 (CA 2, 2005), should apply here. *Lockridge*, ___ Mich at ___; slip op at 33-36. As recently stated by this Court in *People v Stokes*, ___ Mich App ___, ___; ___NW2d ___ ([Docket No. 321303, issued September 8, 2015]); slip op at 11, "the purpose of a *Crosby* remand is to determine what effect *Lockridge* would have on the defendant's sentence, so that it may be determined whether any prejudice resulted from the error." While the *Lockridge* Court did not explicitly hold that the *Crosby* procedure applies under the circumstances of this case, we conclude this is the proper remedy where, as here, the trial court was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality at the time of sentencing.

> Under the *Crosby* procedure, which "offers a measure of protection to a defendant[,]" "a defendant is provided with an opportunity 'to avoid resentencing by promptly notifying the trial judge that resentencing will not be sought.' " *Stokes*, ___ Mich App at ___; slip op at 11-12, quoting *Lockridge*, ___ Mich at___; slip op at 35. Given the possibility that defendant could receive a more severe sentence, defendant should be provided the opportunity to avoid resentencing if that is his desire. *Stokes*, ___ Mich App at ___; slip op at 12. Accordingly, we remand the matter to the trial court to follow the *Crosby* procedure outlined in *Lockridge*. Defendant "may elect to forego resentencing by providing the trial court with prompt notice of his intention to do so. If 'notification is not received in a timely manner,' the trial court shall continue with the *Crosby* remand procedure as explained in *Lockridge*." *Stokes*, ___ Mich App at ___; slip op at 12, quoting *Lockridge*, ___ Mich at ___; slip op at 35-36. [*Steanhouse*, ___Mich App at ___ (slip op at 25).]

---

[1] It should be noted that this Court in *Masroor* stated that it followed the decision in *Steanhouse* only because it was required to do so under MCR 7.215(J)(1). *Masroor*, ___ Mich App at ___ (slip op at 1). The *Masroor* Court, if it were not bound by *Steanhouse*, would have applied the federal reasonableness standard described in *Gall v United States*, 552 US 38, 46; 128 S Ct 586; 169 L Ed 2d 445 (2007). *Masroor*, ___ Mich App at ___ (slip op at 1).

In this case, as in *Steanhouse*, when the trial court sentenced defendant, it "was unaware of and not expressly bound by a reasonableness standard rooted in the *Milbourn* principle of proportionality." *Id*. (slip op at 25). Thus, as directed by *Steanhouse*, we remand this case to the trial court for a *Crosby* hearing. Because the prosecution is the party challenging the trial court's departure from the sentencing guidelines, on remand the prosecution—not defendant—may "elect to forego resentencing" by providing the trial court with prompt notice of its intention to do so. See *id.* (slip op at 25). If such notice is not received by the trial court in a timely manner, it shall continue with the *Crosby* remand. *Id*. (slip op at 25). If resentencing occurs, the trial court must "specifically justify the extent of any departure sentence the court may elect to impose," and "explain why the sentence imposed is proportionate to the seriousness of the convicted offenses, taking into account defendant's background and any mitigating factors brought forward by counsel." *Masroor*, ___ Mich App at ___ (slip op at 11).

We affirm defendant's convictions but remand for further sentencing proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Henry William Saad
/s/ Stephen L. Borrello
/s/ Michael F. Gadola

-4-