# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

UNPUBLISHED
August 23, 2016

Plaintiff-Appellee,

v

No. 327622
Ingham Circuit Court
LC No. 14-000998-FC

LAWRENCE SMITH VANBUREN,

Defendant-Appellant.

Before: OWENS, P.J., and SAWYER and SHAPIRO, JJ.

PER CURIAM.

Following a jury trial, defendant was convicted of torture, MCL 750.85, and assault with intent to rob while unarmed, MCL 750.88. Defendant was sentenced as a habitual offender, fourth offense, MCL 769.12, to concurrent prison terms of 25 to 40 years for the torture conviction and 20 to 30 years for the assault with intent to rob while unarmed conviction, with credit on both sentences for 281 days served. Defendant appeals as of right and we affirm.

## I. SUFFICIENCY OF THE EVIDENCE

Defendant first argues that there was insufficient evidence to support his torture and assault with intent to rob while unarmed convictions and that he was therefore deprived of due process of law. Specifically, defendant argues that the prosecution presented insufficient evidence on the "intent" element for torture and the "intent" element for assault with intent to rob while unarmed. We disagree.

"Criminal defendants do not need to take any special steps to preserve a challenge to the sufficiency of the evidence." *People v Cain*, 238 Mich App 95, 116-117; 605 NW2d 28 (1999).[1]

---

[1] In any event, we note that defendant did move for a directed verdict at the close of the prosecutor's case-in-chief, essentially raising the same "intent" arguments that he has presented to this Court on appeal. In denying defendant's motion, the trial court provided the following explanation for its decision:

The defendant also says there's not enough evidence to go to the jury of cruel and extreme physical harm. [The victim] testified that while he was being restrained,

-1-

However, when reviewing a sufficiency challenge, "evidence is reviewed de novo, in a light most favorable to the prosecution, to determine whether the evidence would justify a rational jury's finding that the defendant was guilty beyond a reasonable doubt." *People v McGhee*, 268 Mich App 600, 622; 709 NW2d 595 (2005). Similarly, "[d]ue process requires that the prosecutor introduce sufficient evidence which could justify a trier of fact in reasonably concluding that defendant is guilty beyond a reasonable doubt before a defendant can be convicted of a criminal offense." *People v Hampton*, 407 Mich 354, 368; 285 NW2d 284 (1979). "All conflicts in the evidence must be resolved in favor of the prosecution and [this Court] will not interfere with the jury's determinations regarding the weight of the evidence and the credibility of the witnesses." *People v Unger*, 278 Mich App 210, 222; 749 NW2d 272 (2008). "Circumstantial evidence and reasonable inferences arising from that evidence can constitute satisfactory proof of the elements of a crime." *People v Allen*, 201 Mich App 98, 100; 505 NW2d 869 (1993).

---

and even attempting to have his hands tied behind his back, he was assaulted multiple times. It began with the first assault at the kitchen table. And in that assault he said that he was struck with such force that it knocked him off the chair, it fractured his jaw, and it knocked out several teeth. After that first initial attack he was continued [sic] to have been beaten multiple times. He said that he was in extreme pain. He was bleeding profusely and he, again, indicated that after the first attack he had the fractured jaw and the teeth broken out.

Despite that extreme injury that caused extreme physical harm to him from the first attack there was a continued beating where he was on the couch and he was being beaten, where he ran up the stairs and was thrown down the stairs, where he ran up the stairs again. He was thrown into the bathroom. He was beaten in the bathroom. Despite the fact that he had already suffered a significant and severe injury he managed to make it—and in the course of being beaten in the bathroom and trying to get out of the bathroom he was choked.

And despite all of that once he was able to get out of the home he was beaten again outside the home. So the jury could certainly find from those facts that there not only was cruel and extreme physical harm, but there was an intent to cause cruel and extreme physical harm, because despite how badly he was injured in the first attack there were multiple repeated attacks after that causing him extreme pain. With respect to the Assault with Intent to Commit Armed Robbery or Unarmed Robbery, there is certainly evidence from which the jury could conclude there was an intent to rob that happened in the course of that, either an armed robbery or an unarmed robbery in that the victim testified that—that hands were going through his pockets as he was being assaulted on the couch. And, in fact, his property was stolen, not only his wallet, but the car. And from that the jury could find evidence of intent to rob either while armed or unarmed.

## A. TORTURE

A person commits torture if, "with the *intent to cause cruel or extreme physical or mental pain and suffering*, [he] inflicts great bodily injury or severe mental pain or suffering upon another person within his or her custody or physical control . . . ." MCL 750.85(1) (emphasis added). Further, MCL 750.85(2)(a) defines "cruel" to mean "brutal, inhuman, sadistic, or that which torments." "Because of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *People v McRunels*, 237 Mich App 168, 181; 603 NW2d 95 (1999).

Here, there was evidence giving rise to an inference that defendant's intent was to inflict cruel or extreme physical or mental pain and suffering on the victim. As the trial court noted in denying defendant's motion for a directed verdict, the victim suffered a severe facial injury during the first attack in the kitchen, but defendant continued the assault at the top of the stairs, in the basement, in the bathroom, and outside the house. These multiple and repeated assaults evidence an intent to cause the victim extreme pain. We also note that the victim testified that defendant attempted to tie his hands behind his back during the assault in the basement, an action which would likely cause a person to have severe mental pain and suffering, rightfully fearing for one's life. Accordingly, we conclude that the evidence was sufficient to establish intent to cause cruel or extreme physical or mental pain and suffering. Likewise, because the prosecutor introduced sufficient evidence which could justify a trier of fact in reasonably concluding that defendant was guilty beyond a reasonable doubt of torture, defendant's conviction for that offense did not deny him due process of law.

## B. ASSAULT WITH INTENT TO ROB WHILE UNARMED

"[T]he essential elements of assault with intent to rob while unarmed are (1) an assault with force and violence, (2) an intent to rob and steal, and (3) defendant being unarmed." *People v Chandler*, 201 Mich App 611, 614; 506 NW2d 882 (1993). Again, "[b]ecause of the difficulty of proving an actor's state of mind, minimal circumstantial evidence is sufficient." *McRunels*, 237 Mich App at 181.

Here, there was ample evidence giving rise to an inference that defendant's intent was to rob and steal. As the trial court noted in denying defendant's motion for a directed verdict, the victim testified that hands were going through his pockets as he was being assaulted on the couch. And, in fact, the victim's wallet and car keys were stolen from him during the assault on the couch and the car was driven away shortly thereafter. Additionally, there was evidence that defendant's accomplice invited the victim into the house under the guise of receiving money for gas merely as a ruse for her and defendant to rob him. Accordingly, we conclude that the evidence was sufficient to establish an intent to rob and steal and accordingly, that there was no due process violation.

## II. CRUEL AND UNUSUAL PUNISHMENT

Defendant next argues that his sentence constitutes cruel and unusual punishment and that the sentence was not reasonable under the facts and circumstances of this case. We disagree.

Defendant failed to preserve this "cruel and unusual punishment" issue by raising it below. *People v Metamora Water Serv, Inc*, 276 Mich App 376, 382; 741 NW2d 61 (2007) ("For an issue to be preserved for appellate review, it must be raised, addressed, and decided by the lower court."). This Court reviews unpreserved constitutional errors for plain error affecting substantial rights. *People v Carines*, 460 Mich 750, 763-764; 597 NW2d 130 (1999).

> The United States Constitution prohibits cruel *and* unusual punishment. US Const, Am VIII. The Michigan Constitution prohibits cruel or unusual punishment, Const 1963, art 1, § 16, and "[i]f a punishment 'passes muster under the state constitution, then it necessarily passes muster under the federal constitution.'" *People v Benton*, 294 Mich App 191, 204; 817 NW2d 599 (2011), quoting *People v Nunez*, 242 Mich App 610, 618–619 n 2; 619 NW2d 916 (2007). [*People v Costner*, 309 Mich App 220, 232; 870 NW2d 582 (2015) (emphasis in original).]

"In deciding if punishment is cruel or unusual, this Court looks to the gravity of the offense and the harshness of the penalty, comparing the punishment to the penalty imposed for other crimes in this state, as well as the penalty imposed for the same crime in other states." *People v Brown*, 294 Mich App 377, 390; 811 NW2d 531 (2011).

In *People v Steanhouse*, ___ Mich App ___, ___; ___ NW2d ___ (2015) (Docket No. 318329), slip op at 24, this Court held "that a sentence that fulfills the principle of proportionality under [*People v Milbourn*, 435 Mich 630; 461 NW2d 1 (1990)] and its progeny constitutes a reasonable sentence under [*People v Lockridge*, 498 Mich 358; 870 NW2d 502 (2015)]." Under *Milbourn* and its progeny, a sentence falling within the minimum range specified by the advisory judicial guidelines was presumptively proportionate. *People v Kennebrew*, 220 Mich App 601, 609; 560 NW2d 354 (1996) ("As a general rule, a sentence that falls within the guidelines' range is presumed to be neither excessive nor disparate."); *People v Dukes*, 189 Mich App 262, 266; 471 NW2d 651 (1991) ("*Milbourn* left intact the Court's prior observation, in *People v Broden*, 428 Mich 343, 354; 408 NW2d 789 (1987), that sentences falling within the recommended guidelines range are presumptively not excessively severe or unfairly disparate.").

Further, as noted in *People v Williams (After Remand)*, 198 Mich App 537, 543; 499 NW2d 404 (1993), citing *People v Bullock*, 440 Mich 15, 40–41; 485 NW2d 866 (1992), where "sentences are not disproportionate in relation to the crimes, they are therefore not cruel or unusual." See *People v Powell*, 278 Mich App 318, 323; 750 NW2d 607 (2008) (A sentence within the guidelines range is presumptively proportionate, and a proportionate sentence is not cruel or unusual). "In order to overcome the presumption that the sentence is proportionate, a defendant must present unusual circumstances that would render the presumptively proportionate sentence disproportionate." *People v Lee*, 243 Mich App 163, 187; 622 NW2d 71 (2000).

Here, defendant acknowledges that his sentence is within the appropriate advisory sentencing guidelines range and, therefore, presumptively proportionate. Further, defendant has failed to set forth a meritorious argument that would render his presumptively proportionate sentence disproportionate. See *People v Daniel*, 207 Mich App 47, 54; 523 NW2d 830 (1994) (concluding that the defendant had not cited "unusual circumstances that would overcome" the

presumption of proportionality). It appears that defendant believes that his sentence is not reasonable or that it constitutes cruel and unusual punishment in light of his criminal history, his 11th grade education, and his age of 39 years. However, defendant's criminal record was extensive. Indeed, he was sentenced as a fourth habitual offender. He had prior felony convictions for second-degree home invasion, assault with a dangerous weapon, and receiving and concealing stolen property over $100. The first two offenses occurred in 1996 and the third occurred in 1995. He also had a misdemeanor domestic violence charge in 2011 and a misdemeanor resisting and obstructing charge in 2013, and he violated his probation in relation to the 2011 charge. This criminal record establishes a pattern of violence and disregard for others and Michigan law. Furthermore, defendant's age and 11th grade education are insufficient to overcome the presumptive proportionality of his sentence, especially considering his lengthy criminal record and the gravity of his offenses. Indeed, his conviction for torture could have subjected him to a life sentence.[2]

Finally, defendant also has failed to provide any argument or evidence demonstrating that his sentence is constitutionally deficient in comparison to the penalties imposed for other crimes in this state or for the same crimes in other states. *Brown*, 294 Mich App at 390. Defendant offers no argument or evidence that, in relation to other crimes and other states, his sentences were somehow abnormally harsh. In his brief he does not mention one other state or one other

---

[2] Regarding the gravity of the offense and the proportionality of defendant's sentence, we note that the trial court spoke in detail on this matter at defendant's sentencing, stating as follows:

> All right. Okay, well I have given some thought along the lines of what [defense counsel] was addressing and that is, you know, we have the guidelines but we also have, what's, what's fair and proportionate to similar type cases, similar type offenders. And [defendant] does have, as the Prosecutor has pointed out, a history of assaultive offenses and quite dangerous offenses as well.

> And on the other hand, as the defense attorney's pointed out, we've seen sentences in the low range of these guidelines for homicide cases. And yet, even though the victim did not die, I cannot minimize the seriousness of this offense. It's more than an 8 minute assault. The victim was basically set up. Held captive. The event had to have been terrorizing to him, knowing that he could not get out of the house, that he was at the mercy of the individual, [defendant], according to the jury who was beating him viciously beyond anything, beyond the first blow, which was bad enough, and injured him severely. But, continued to beat him in, in a way that the victim must have thought that he was going to die and this would be the end, stuck in this house and being beaten to death.

> That is a very terrorizing situation and the fact that it's not a homicide really doesn't bring it downward in the severity to me because of the fact that, that the victim was so terrorized and so severely beaten and, and held under such circumstances that would be terrifying.

crime in this state. "An appellant may not merely announce his position and leave it to this Court to discover and rationalize the basis for his claims, nor may he give only cursory treatment with little or no citation of supporting authority." *People v Kelly*, 231 Mich App 627, 640-641; 588 NW2d 480 (1998). Accordingly, we conclude that defendant has failed to overcome the presumption of proportionality, and therefore also conclude that his proportionate sentence is not unreasonable and does not constitute cruel and unusual punishment.

Affirmed.

/s/ Donald S. Owens
/s/ David H. Sawyer
/s/ Douglas B. Shapiro