## PEOPLE v REEVES

Docket No. 109446. Argued April 7, 1998 (Calendar No. 7). Decided
    July 21, 1998.

Fred D. Reeves was convicted following a bench trial in the Detroit
    Recorder's Court, Margie R. Braxton, J., of assault with intent to
    rob while unarmed. The Court of Appeals, TAYLOR, P.J., and
    MARKMAN and P. J. CLULO, JJ., vacated the defendant's conviction on
    the ground that there was no proof that he possessed an actual
    ability to carry out the threatened battery (Docket No. 185225). The
    people appeal.

In an opinion by Justice BRICKLEY, joined by Chief Justice
    MALLETT, and Justices CAVANAGH, BOYLE, and WEAVER, the Supreme
    Court *held*:

An assailant's undisclosed inability to do harm to an intended
    victim does not preclude a conviction of assault with intent to rob
    while unarmed, as long as the victim's apprehension of imminent
    injury is reasonable. Proof of either an apparent or actual present
    ability to commit a battery is sufficient to satisfy the assault ele-
    ment of the offense.

Actual ability to inflict the threatened harm in an apprehension-
    type assault is largely irrelevant and unnecessary, as long as the
    victim reasonably apprehends an imminent battery. The inquiry
    turns on what the victim perceived, and whether the apprehension
    of imminent injury was reasonable. It focuses on the imminent dan-
    ger that is threatened, rather than on the actual ability to inflict
    injury. The assault element is satisfied where the circumstances
    indicate that an assailant, by overt conduct, causes the victim to
    reasonably believe that what is threatened will be done. In this
    case, the constituent elements of assault with intent to rob while
    unarmed are satisfied. The trial court rationally could have con-
    cluded that the complainant reasonably apprehended imminent
    bodily injury.

Reversed and remanded.

Justice KELLY concurred only in the result.

Justice TAYLOR took no part in the decision of this case.

222 Mich App 32; 564 NW2d 476 (1997) reversed.

*Frank J. Kelley*, Attorney General, *Thomas L. Casey*, Solicitor General, *John D. O'Hair*, Prosecuting Attorney, and *Timothy A. Baughman*, Chief, Research, Training and Appeals, for the people.

*Paul G. Staten* for the defendant.

BRICKLEY, J. We are asked to consider whether evidence of a victim's reasonable apprehension of an immediate battery satisfies the assault element of assault with intent to rob while unarmed (AWIR-U).[1] The Court of Appeals reversed defendant's conviction of that offense on the basis that there was no proof that defendant possessed the actual ability to carry out the threatened battery. We conclude that an assailant's undisclosed inability to do harm to an intended victim does not preclude a conviction of an AWIR-U offense, as long as the victim's apprehension of imminent injury was reasonable. We reverse the decision of the Court of Appeals and remand this case to the trial court for reinstatement of defendant's conviction.

I

Testimony at defendant's trial discloses that complainant Michael Brown, a beer distribution driver, was returning to his truck after making a delivery when defendant Fred Reeves approached him with his hand inside what appeared to be a "small baby

---

[1] MCL 750.88; MSA 28.283. This statutory section provides:

> Any person, not being armed with a dangerous weapon, who shall assault another with force and violence, and with intent to rob and steal, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years.

bag." When defendant asked Brown if he could have some beer, Brown replied, "[N]o, I'll lose my job." Brown testified, "[T]hen I noticed his bag and his hand right up to me and he said, 'What's more important, your job or your life?' " When asked how defendant was holding the bag, Brown answered, "[a]s if to have a gun in it," and that he believed defendant did have a gun. Defendant then ordered Brown to place two cases of beer on the sidewalk and to walk back to the truck as if nothing happened. Brown complied with the demand, returned to his truck, saw a nearby police car, and reported the incident.

The officers testified that they observed defendant walking away from the truck holding a white canvas bag. After conducting an unsuccessful search for weapons, they placed defendant under arrest. The beer remained untouched on the sidewalk, and the canvas bag was never recovered.

Defendant was charged with armed robbery. At his bench trial, defendant admitted carrying a diaper bag and requesting a case of beer, but that the alleged threat was a joke based on a line from a television commercial. Treating the case as a credibility contest between Brown and defendant, the trial court accepted Brown's testimony that defendant approached Brown with his hand inside the baby bag in a menacing fashion, and that Brown was fearful for his safety and his life. On the basis of those findings, defendant was convicted of the AWIR-U offense and sentenced to a prison term of one to fifteen years.

Defendant claimed on appeal that the prosecution failed to prove the assault element of the AWIR-U offense, arguing that because no weapon was recovered, he did not possess the *actual* ability to carry out

the threat. The Court of Appeals, despite "deep misgivings," vacated defendant's conviction, and read our decision in *People v Sanford*, 402 Mich 460; 265 NW2d 1 (1978), as requiring a showing of an *actual* ability to carry out an offer to do corporal injury, proofs of which were lacking in this case. The panel urged this Court to "revisit" the question of the meaning of assault in order to bring that element in line with the "traditional" definition. 222 Mich App 32; 564 NW2d 476 (1997). We granted the prosecutor's application for leave to appeal, and now reverse. 456 Mich 901 (1997).

II

Although the trial court's fact finding suggests that the proofs may have been sufficient to sustain a conviction under the more heavily punished offenses of armed robbery,[2] or assault with intent to rob while *armed*,[3] the question here is whether defendant's conviction may be sustained under the AWIR-U statute, which provides:

> Any person, not being armed with a dangerous weapon, who shall assault another with force and violence, and with intent to rob and steal, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years. [MCL 750.88; MSA 28.283.]

In Michigan, the penalty for and constituent elements of aggravated assaults such as AWIR-U are codified, but the definition of assault is left to the common law. As noted by this Court in *People v Jones*,

---

[2] MCL 750.529; MSA 28.797. See *People v Banks*, 454 Mich 469; 563 NW2d 200 (1997).

[3] MCL 750.89; MSA 28.284.

443 Mich 88, 92; 504 NW2d 158 (1993), our courts at one time "struggled with changing definitions of criminal assault." In the early common law, a criminal assault was defined as an attempted battery, leaving to the civil law the tort version of assault, i.e., intentionally placing another in apprehension of an immediate battery.[4] More recently, this Court joined the majority of jurisdictions by explicitly incorporating aspects of the tort concept into the definition of criminal assault:

> We adopt what Perkins on Criminal Law (2d ed), p 117, says is the majority rule, namely "a simple criminal assault 'is made out from either an attempt to commit a battery or an unlawful act which places another in reasonable apprehension of receiving an immediate battery.'" [*Sanford, supra* at 479.][5]

This adjunctive definition not only broadens the concept of criminal assault to include aspects of assault's definition in tort, but also treats that form of assault as a substantive offense with a mental element that is distinct from the attempted-battery form of assault, and is satisfied where an actor engages in some form

[4] Perkins & Boyce, Criminal Law (3d ed), p 159. A battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person. *People v Patterson*, 428 Mich 502; 410 NW2d 733 (1987).

[5] Although Michigan appeared to recognize the tort version of criminal assault as early as *People v Carlson*, 160 Mich 426; 125 NW 361 (1910), there was subsequent confusion in some of our courts regarding whether apprehension of immediate injury was a *necessary* element of the crime of assault. *Sanford* expressly rejected that formulation, clarifying that either method is sufficient to make out a criminal assault. We reiterated that definition one year later in *People v Johnson*, 407 Mich 196, 210; 284 NW2d 718 (1979).

of threatening conduct designed to put another in apprehension of an immediate battery.[6]

Although it acknowledged the *Sanford* Court's recognition of both forms of criminal assault, the Court of Appeals in the instant case interpreted a footnote from that decision as compelling a conclusion that the assault element of AWIR-U requires proof that an assailant possess the *actual* ability to carry out the threat. Because we believe that the Court of Appeals misapprehends the "present ability" phrase, we reject that conclusion.

In *Sanford*, the precise issue before the Court concerned whether the offenses of AWIR-U and attempted unarmed robbery, MCL 750.530; MSA 28.798, as affected by the general attempt statute, MCL 750.92; MSA 28.287, were identical crimes.[7] The Court found

---

[6] Professor Perkins explains that the rationale for incorporating into the criminal law the civil notion of assault is based on the principle that a threat of an immediate battery resulting in apprehension, even when intended only as a bluff, is so likely to result in a breach of the peace that it should be a punishable offense. Perkins, *An analysis of assault and attempts to assault*, 47 Minn L R 71, 75 (1962).

[7] The question arose because attempted unarmed robbery carries a five-year maximum sentence, whereas AWIR-U carries a maximum fifteen-year sentence.

MCL 750.530; MSA 28.798 provides:

Any person who shall, by force and violence, or by assault or putting in fear, feloniously rob, steal and take from the person of another, or in his presence, any money or other property which may be the subject of larceny, such robber not being armed with a dangerous weapon, shall be guilty of a felony, punishable by imprisonment in the state prison not more than 15 years.

The general attempt statute, MCL 750.92; MSA 28.287, provides:

Any person who shall attempt to commit an offense prohibited by law, and in such attempt shall do any act towards the commission of such offense, but shall fail in the perpetration, or shall be intercepted or prevented in the execution of the same, when no

that the respective statutes defined distinct crimes, and detailed the difference in a footnote:

> The essential elements of [AWIR-U] are (1) an assault with force and violence, (2) an intent to rob and steal, and (3) defendant being unarmed. . . .
>
> The essential elements of an attempted unarmed robbery are (1) an attempted felonious taking of property from the person of another or in his presence, (2) by force and violence or by assault or by putting in fear, and (3) defendant being unarmed.

> \*     \*     \*

> An [AWIR-U] necessarily involves *an offer to do injury with the present ability to carry out that offer.* Hence, the crime is always more dangerous vis-à-vis potential victims. [*Sanford* at 474, n 1 (emphasis added).]

Although *Sanford* does not discuss whether the "present ability" to carry out the threatened harm must be actual or apparent, the Court of Appeals in the instant case seemingly interpreted the phrase as representing a synonym for *actual* present ability:

> The specific discussion of AWIR-U includes a "present ability" requirement not contained in the *Sanford* Court's own definition of assault, *id.* at 479. Accordingly, there is some ambiguity in *Sanford* regarding whether "present ability" is an essential element of an assault. [222 Mich App 39.][8]

---

express provision is made by law for the punishment of such attempt, shall be punished as follows:

\*     \*     \*

2. . . . imprisonment in the state prison not more than 5 years.

[8] The panel also referenced *People v Chandler*, 201 Mich App 611; 506 NW2d 882 (1993), a decision that read the "present ability" language in *Sanford* as compelling a similar conclusion.

We find no such "ambiguity" because our criminal jurisprudence has consistently emphasized that for a criminal assault to occur, a greater degree of proximity to completion of the offense, i.e., present ability, is required than for nonassault attempts. As the Court of Appeals noted, the "present ability" phrase can be traced to *People v Lilley*, 43 Mich 521; 5 NW 982 (1880), in which the Court determined that an assault is not made out absent proof that the assailant is within actual striking range of the victim.[9] More recently, the Court of Appeals in *People v Smith (On Rehearing)*, 89 Mich App 478; 280 NW2d 862 (1979), reiterated that "present ability" refers to proximity, a conclusion that has received approval in an opinion by Justice BOYLE:

> That the defendant must have "present ability" means that the act done must have been *sufficiently proximate* to the thing intended, i.e., "it must have proceeded far enough towards a consummation thereof," so as to be an actual assault. [*People v Worrell*, 417 Mich 617, 634; 340 NW2d 612 (1983) (BOYLE, J., dissenting on other grounds) (emphasis added; citations omitted).]

We find that the foregoing clarifies the idea that proximity is a requisite component of present ability because the cases cited all frame their analyses in terms of spatial and temporal proximity, rather than on an assailant's actual ability to consummate the

---

[9] In *Lilley*, the defendant advanced two steps toward the victim with a knife before bystanders grabbed him ten to fifteen feet from the victim. The issue before the Court was not whether the defendant had the actual means to execute the battery, but whether the defendant's acts had proceeded far enough toward that end to constitute an assault. The Court found that the requisite "present ability" was lacking because the defendant's unlawful act was not sufficiently proximate to the intended battery to constitute an assault. *Id.* at 524-525.

threat. Accordingly, we reaffirm that "present ability" is a necessary component of all criminal assaults.

Clearly, attempted-battery assaults, i.e., those that are sufficiently proximate to the intended victim, evince an assailant's actual ability to inflict injury on the victim. For the apprehension-type assault, however, actual ability to inflict the threatened harm is largely irrelevant and unnecessary, as long as the victim reasonably apprehends an *imminent* battery. 2 LaFave & Scott, Substantive Criminal Law, § 7.16(b), p 315. Thus, the inquiry turns on what the victim perceived, and whether the apprehension of imminent injury was reasonable. As the Massachusetts Supreme Court aptly explained:

> "It is not the secret intent of the assaulting party, nor the undisclosed fact of his ability or inability to commit a battery, that is material; but what his conduct and the attending circumstances denote at the time to the party assaulted. . . . It is the outward demonstration that constitutes the mischief which is punished as a breach of the peace." [*Commonwealth v Henson*, 357 Mass 686, 692; 259 NE2d 769 (1970), quoting *Commonwealth v White*, 110 Mass 407, 409 (1872).]

We find this approach toward apprehension-type assaults to be sound because it appropriately focuses on the imminent danger that is threatened, rather than on the "actual" ability to inflict injury. Therefore, the assault element is satisfied where the circumstances indicate that an assailant, by overt conduct, causes the victim to reasonably believe that he will do what is threatened.[10]

---

[10] See, e.g., *State v Hazen*, 160 Kan 733, 740; 165 P2d 234 (1946); *State v Deso*, 110 Vt 1; 1 A2d 710 (1938); *State v Daniel*, 136 NC 571; 48 SE 544 (1904).

In the present case, the proofs establish that defendant placed his hand in a bag and pointed it at the complainant in a menacing manner while saying, "What's more important, your job or your life?" We find that the constituent elements of the AWIR-U offense are satisfied in this case.[11]

III

On the basis of our well-settled definition of criminal assault, and the interests intended to be protected therein, we confirm that an assailant's undisclosed inability to carry out threatened harm does not preclude a conviction of AWIR-U, as long as the victim's apprehension of imminent injury is reasonable. We conclude that proof of either an apparent or actual present ability to commit a battery is sufficient to satisfy the assault element of the AWIR-U offense.

In the present case, we find that the trial court could have rationally concluded that complainant Brown reasonably apprehended imminent bodily injury. We reverse the decision of the Court of Appeals and remand this case to the trial court for reinstatement of defendant's conviction of the AWIR-U offense.

MALLETT, C.J., and CAVANAGH, BOYLE, and WEAVER, JJ., concurred with BRICKLEY, J.

---

[11] Defendant's threat of imminent injury in this case is sufficient to make out the "force and violence" element in the AWIR-U statute. In circumstances involving a wrongful taking, force may be either actual or constructive, and is not necessarily synonymous with a corporal assault. See, e.g., *People v Kruper*, 340 Mich 114, 121; 64 NW2d 629 (1954); *People v Hearn*, 159 Mich App 275; 406 NW2d 211 (1987); *People v Mungia*, 234 Cal App 3d 1703, 1708; 286 Cal Rptr 394 (1991); 67 Am Jur 2d, Robbery, § 22, p 77.

Kelly, J., concurred only in the result.

Taylor, J., took no part in the decision of this case.