# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

JAMES TYRON CAMERON MILLER,

       Defendant-Appellant.

UNPUBLISHED
May 16, 2017

Nos. 331864; 331865
Washtenaw Circuit Court
LC Nos. 14-000199-FH
            15-000174-FH

Before: GADOLA, P.J., and JANSEN and SAAD, JJ.

PER CURIAM.

In these consolidated cases, defendant appeals his convictions following a jury trial of domestic assault, MCL 750.81(4) (Docket No. 331864), and witness interference, MCL 750.122(7)(a) (Docket No. 331865). Because there is sufficient evidence to support defendant's convictions, we affirm.

## I. BASIC FACTS

This case arises out of an encounter between defendant and the victim, who had been in a dating relationship and were living together at the time of the incident. The two came into conflict over a photograph defendant found on the victim's cellular phone. The victim left the home during the fight but returned the next day at defendant's request to discuss the matter. Soon after she returned, defendant forced her into the bedroom and said that "if [she] was going to sleep with other men, [she] was going to sleep with him that day." When she refused, he straddled her on the bed and choked her with one hand and slapped her with the other hand. The victim was able to push defendant off and leave the house. Defendant moved out of the house.

Sometime later, the victim allowed defendant to return to the house to get his belongings. While there, defendant told the victim she "needed to fix the situation." He forced her to write a letter that explained that she took responsibility for the incident and that she did not want to press charges. Feeling threatened, she did so. Defendant took the letter with him when he left.

## II. SUFFICIENCY OF THE EVIDENCE

### A. STANDARD OF REVIEW

-1-

Defendant argues that his convictions are not supported by sufficient evidence adduced at trial. We review this argument de novo, *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011), and view "the evidence in a light most favorable to the prosecution to determine if it would support a" reasonable jury's finding that the prosecution proved the elements of the charged crime(s) beyond a reasonable doubt, *People v Cameron*, 291 Mich App 599, 613; 806 NW2d 371 (2011). We "must 'draw all reasonable inferences and make credibility choices in support of the jury verdict.' " *Id.*, quoting *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000).

## B. DOMESTIC ASSAULT (DOCKET NO. 331864)

MCL 750.81(2) defines domestic assault as assault or assault and battery on "an individual with whom [the offender] has or has had a dating relationship . . . or a resident or former resident of his or her household." Assault is " 'an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery.' " *Meissner*, 294 Mich App at 453-454, quoting *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005). " 'A battery is an intentional, unconsented and harmful or offensive touching of the person of another . . . .' " *Id.* at 454, quoting *People v Reeves*, 458 Mich 236, 240 n 4; 580 NW2d 433 (1998).

The victim testified that defendant straddled her on the bed in such a way that she could not move and then choked her for 25 to 30 seconds and slapped her face with his open hand. There is some confusion in the victim's testimony about the status of her relationship with defendant at the time. She initially testified that she and defendant were dating at the time of the incident but later explained that the dating relationship was over by the evening of the assault and the two were only cohabiting. This discrepancy is of no consequence, however, because the victim's and defendant's former dating relationship and their shared residence before and at the time of the assault meet the domestic relationship element. See MCL 750.81(2); *Cameron*, 291 Mich App at 601 (concluding that evidence the defendant pushed and punched his ex-girlfriend was sufficient to support the domestic assault conviction).

Although defendant concedes that the victim testified that she was assaulted, he nevertheless claims that this testimony is insufficient because other evidence indicates that the assault did not happen. We reject defendant's attacks on the reliability of the evidence and the victim's credibility. Questions about the weight of the evidence and the credibility of witnesses belong to the jury and will be accorded deference on appeal. *Cameron*, 291 Mich App at 616. Simply put, the victim's testimony was sufficient for the jury to find beyond a reasonable doubt that defendant committed the crime of domestic violence.

## C. WITNESS INTERFERENCE (DOCKET NO. 331865)

MCL 750.122(6) punishes an "attempt to willfully impede, interfere with, prevent, or obstruct the ability of a witness to" testify at an "official proceeding." To prove that defendant violated this section, the prosecution must show that defendant

(1) committed or attempted to commit (2) an act that did not consist of bribery, threats or intimidation, or retaliation as defined in MCL 750.122 and applicable

case law, (3) but was any act or attempt that was done willfully (4) to impede, interfere with, prevent, or obstruct (5) a witness's ability (6) to attend, testify, or provide information in or for a present or future official proceeding (7) having the knowledge or the reason to know that the person subjected to the interference could be a witness at any official proceeding. [*People v Greene*, 255 Mich App 426, 442-443; 661 NW2d 616 (2003).]

Indeed, the statute prohibits "tampering conduct, no matter how it is described, including in degrees of success." *Id*. at 439-440.

The victim testified that when defendant called her at work after the incident, he asked her to drop the charges and not to go to court. Defendant later told her in person that she "needed to fix the situation and . . . needed to make it right" because he was worried that he would not be able to work again. She wrote a letter that purported to diminish defendant's role in the assault at defendant's urging because he "said he would be hard to get rid of," a statement that she understood to be a threat. The clear import of the letter was to diminish the victim's willingness to testify at trial. Importantly, this type of conduct goes well beyond merely asking a victim or potential witness to not testify. See *id.* at 447 ("We do not hold that a request, alone, not to attend a hearing . . . would be unlawful . . . ."). Accordingly, there is sufficient evidence to support defendant's conviction because forcing the victim to write the letter is the type of tampering conduct covered in MCL 750.122(6).

And defendant's argument that he did not threaten or intimidate the victim is irrelevant because the statutory subsection at issue is distinct from the one that criminalizes the use of threats or intimidation to tamper with a witness. See MCL 750.122(3) and (6); *Greene*, 255 Mich App at 438 (stating that the various subsections of the statute provide for "four different categories of witness tampering": bribery, threats or intimidation, interference, and retaliation).

Affirmed.

/s/ Michael F. Gadola
/s/ Kathleen Jansen
/s/ Henry William Saad

-3-