# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KENNETH LEE BEATTY,

        Defendant-Appellant.

UNPUBLISHED
June 7, 2018

No. 338376
Clare Circuit Court
LC No. 16-005409-FC

Before: O'CONNELL, P.J., and K. F. KELLY and RIORDAN, JJ.

PER CURIAM.

Defendant, Kenneth Beatty, appeals as of right his conviction of first-degree home invasion, MCL 750.110a(2), for which he was sentenced as a fourth habitual offender, MCL 769.12, to 18 to 32 years' imprisonment. We affirm.

## I. FACTS

Late in the evening on August 3, 2016, Beatty was in a single-vehicle crash that left his truck on its side in a ditch. He left the scene of the crash on foot and attempted to find a home with its lights on, hoping that the occupants would allow him to use a phone to call his children. Beatty later admitted to police that he may have used methamphetamine earlier in the day. Shortly after midnight, Beatty approached the home of Nina McQuiston, where her adult children, Michael Caldwell and Stephanie Caldwell, also lived. Beatty kicked in the front door, waking Nina. Holding her handgun, Nina confronted Beatty in the hallway, pointed her handgun at Beatty, and told him to leave. Beatty refused. Instead, he asked to use the phone and stated that he had killed a police officer.[1] Stephanie came upstairs from her bedroom in the basement. Nina told her to go back to the basement. Beatty moved closer to the top of the stairs, near Stephanie, but retreated. Having heard Nina and Beatty arguing, Michael came out of his bedroom, neighboring Nina's bedroom, with a gun drawn, aiming it at Beatty. He added that Beatty had his hands up throughout the majority of the incident. Michael stood next to Nina, and Beatty approached them and demanded to use their phone. Nina described Beatty as aggressive. She said that he acted like he was going to "come at" them, backed off, then came at them.

---

[1] There is no indication that defendant actually harmed a police officer in any way.

Michael recounted that Beatty had a "glazed look in his eyes[.]" Beatty "charge[d] at" Michael, and Michael shot Beatty in the neck.

At some point, Nina had called 911, and Clare County Sheriff's Deputy Lawrence Kahsin arrived at the home along with his canine, Jack. Kahsin announced his presence and saw Beatty standing several feet inside the front door. At that point, Beatty ran down a hallway in the home, and Kahsin let Jack go. Kahsin followed Jack as the dog chased Beatty, and he heard a single gunshot as Jack leapt at Beatty. Kahsin found Beatty on the floor of Michael's bedroom, bleeding from the wound in his neck, with his arm in Jack's jaws.

Beatty was charged with first-degree home invasion. The prosecution theorized at trial that Beatty had committed an assault in the McQuiston home after breaking and entering. The jury found Beatty guilty.

## II. DISCUSSION

Beatty argues that his conviction of first-degree home invasion should be overturned because the evidence at trial was insufficient to prove that he committed an assault. We disagree. When a defendant challenges the sufficiency of the evidence, this Court reviews the issue de novo. *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). "We review the evidence in a light most favorable to the prosecution to determine whether a rational trier of fact could find that the prosecution had proved the crime's elements beyond a reasonable doubt." *People v Lane*, 308 Mich App 38, 57; 862 NW2d 446 (2014). "Circumstantial evidence and reasonable inferences arising therefrom may be sufficient to prove the elements of a crime." *People v Avant*, 235 Mich App 499, 505; 597 NW2d 864 (1999). "[O]nly minimal circumstantial evidence is required" to prove a person's state of mind. *People v McGhee*, 268 Mich App 600, 623; 709 NW2d 595 (2005).

MCL 750.110a(2) provides, in relevant part:

[A] person who breaks and enters a dwelling or enters a dwelling without permission and, at any time while he or she is entering, present in, or exiting the dwelling, commits a felony, larceny, or assault is guilty of home invasion in the first degree if at any time while the person is entering, present in, or exiting the dwelling either of the following circumstances exists:

(a) The person is armed with a dangerous weapon.

(b) Another person is lawfully present in the dwelling.

There are two types of assault: "attempted-battery assault," an attempt to commit a battery, or "apprehension-type assault," "an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*, 473 Mich 227, 234; 701 NW2d 136 (2005) (quotation marks and citation omitted). A "battery is an intentional, unconsented and harmful or offensive touching of the person of another, or of something closely connected with the person." *People v Nickens*, 470 Mich 622, 628; 685 NW2d 657 (2004) (quotation marks and citation omitted). The "assault element is satisfied where the circumstances indicate that an assailant, by

overt conduct, causes the victim to reasonably believe that he will do what is threatened." *People v Reeves*, 458 Mich 236, 244; 580 NW2d 433 (1998).

We have no difficulty concluding that sufficient evidence established that Beatty committed an apprehension-type assault after unlawfully entering the residence. He broke into the McQuiston home in the middle of the night. He refused to leave even though Nina and Michael pointed handguns at him. Beatty repeatedly claimed to have killed a police officer. He acted aggressively, and Michael noted that Beatty's eyes were glazed over. In addition, he attempted to move toward Stephanie, Nina, and Michael several times. Finally, Beatty charged at Michael, who testified that he was afraid for his life and feared that Beatty would attempt to take his handgun. Viewing the evidence in the light most favorable to the prosecution, a reasonable trier of fact could find that Beatty's actions caused Michael to believe he was being threatened with physical harm. Accordingly, sufficient evidence supported Beatty's conviction of first-degree home invasion.

We affirm.

/s/ Peter D. O'Connell
/s/ Kirsten Frank Kelly
/s/ Michael J. Riordan