NOT RECOMMENDED FOR PUBLICATION
File Name: 25a0280n.06

No. 24-1630

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Jun 06, 2025
KELLY L. STEPHENS, Clerk

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff-Appellee, | ) ) | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF MICHIGAN |
| v. | ) ) ) | |
| DESHAWN LAPREACE LANDERS, | ) ) | |
| Defendant-Appellant. | ) ) | OPINION |

Before: MOORE, GRIFFIN, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Deshawn Landers pled guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1). He now appeals his sentence, arguing that the district court erred when it applied a four-level enhancement under the sentencing guidelines for possessing a firearm in connection with another felony offense. We affirm.

In August 2022, Landers's wife, Dishanique, went to a Boost Mobile store to have her phone screen repaired. One of the store employees was unable to help Dishanique unlock her phone, so she grew angry and called Landers. Landers entered the store and threatened to physically harm the employees. He then left the store through the glass front doors, walked to his car in the parking lot, and pulled out a pistol from the driver side. Standing next to the car, Landers fired a single shot in the air. He then walked around the car to face the entrance of the store and fired two more rounds in the air. Soon after, Landers got back into the car and drove away.

Surveillance video from the Boost Mobile store captured the incident. Detroit police officers recovered shell casings from the parking lot and scanned them into the National Integrated Ballistics Information Network (NIBIN) system, which compares images of ballistic evidence to identify firearms used in multiple shootings. NIBIN linked the shell casings found at Boost Mobile to those found at three other shootings in the Detroit area over the next eight months.

In April 2023, officers searched Landers's home and found three loaded handguns and one unloaded Sig Sauer pistol. Landers admitted that he had discharged the Sig Sauer at Boost Mobile and two other shootings. Landers also admitted that he knew he was not allowed to possess a firearm because of his prior felony convictions.

A federal grand jury later indicted Landers for being a felon in possession of a firearm, and Landers pled guilty. A probation officer recommended a four-level increase under U.S.S.G. § 2K2.1(b)(6)(B) for possessing a firearm "in connection with another felony offense"—that is, the several shootings above, including the one at Boost Mobile. Landers objected to that enhancement, arguing that his conduct at Boost Mobile did not amount to a felony in Michigan.

At sentencing, the district court overruled Landers's objection, finding that the Boost Mobile shooting satisfied the elements of felony assault under Mich. Comp. Laws § 750.82(1). The court calculated Landers's resulting guidelines range as 84 to 105 months in prison, and then imposed a sentence of 65 months in prison. This appeal followed.

We review the district court's factual findings for clear error and give "due deference" to its "fact-bound" determination that the defendant possessed the firearm "in connection with" another felony. *United States v. Taylor*, 648 F.3d 417, 431-32 (6th Cir. 2011); *see also United States v. Harris*, No. 22-5951, 2023 WL 7219085, at *2 (6th Cir. Nov. 2, 2023) (addressing standard of review).

Landers argues that the district court erred when it applied U.S.S.G. § 2K2.1(b)(6)(B) because, he says, his conduct at Boost Mobile amounted to, at most, reckless discharge of a firearm—a misdemeanor in Michigan. *See* Mich. Comp. Laws § 752.863a. Specifically, Landers says the shooting at Boost Mobile did not amount to felony assault under Michigan law because he merely shot the gun in the air but did not point it at anyone. *See* Mich. Comp. Laws § 750.82(1).

To be convicted of felony assault in Michigan, a defendant must have wielded a dangerous weapon "with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v. Jackson*, 790 N.W.2d 340, 343 n.2 (Mich. 2010) (citation omitted). The government does not have to show that the defendant pointed the gun at a victim—under Michigan law, just waving a gun in the air after threatening someone may be enough to convict. *See People v. Adams*, 2018 WL 1936185, at *3 (Mich. Ct. App. Apr. 24, 2018).

Here, Landers threatened to physically harm the Boost Mobile employees, then stood in the parking lot facing the glass doors of the store—in full view of those employees—and fired his gun into the air multiple times. From those facts, the district court reasonably inferred, by a preponderance of the evidence, that Landers intended to place those employees in fear that he would shoot them. That intent, with this conduct, is enough to satisfy the elements of felony assault in Michigan. *See People v. Reeves*, 580 N.W.2d 433, 436 (Mich. 1998). The district court properly applied the enhancement.

The district court's judgment is affirmed.