*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

TONY ISAAC TILLEY,

Defendant-Appellant.

UNPUBLISHED
December 17, 2025
10:23 AM

No. 372758
Wayne Circuit Court
LC No. 23-004127-01-FH

Before: RIORDAN, P.J., and CAMERON and MARIANI, JJ.

PER CURIAM.

Defendant appeals by right his jury-trial convictions of assault with a dangerous weapon (felonious assault), MCL 750.82(1), and carrying a firearm during the commission of a felony (felony-firearm), MCL 750.227b(1).[1] Defendant was sentenced to three years' probation for the felonious assault conviction and two years' imprisonment for the felony-firearm conviction. We affirm.

## I. BACKGROUND

This case arises out of a dispute between defendant, who was a landlord of residential property, and one of his tenants, the victim. The victim was at home one evening with his young son when he heard yardwork noises coming from his backyard. Holding his son, the victim opened the back door to see who it was. Looking out through a screen door, the victim realized it was defendant and asked him why he was there. Defendant started to walk toward the back porch and yelled at the victim; the two began arguing. The victim testified that defendant shouted at him and threatened to shoot him. The victim saw defendant move his hand toward his hip where the barrel of a pistol was visible. The victim quickly closed the door, retreated inside his home with his son, and called the police. The victim never saw the gun pointed at him but testified he thought

---

[1] Defendant was found not guilty of brandishing a firearm in public. See MCL 750.234e.

defendant was going to shoot him. When police arrived, they found a firearm on defendant's right hip, confiscated it, and arrested defendant.

Defendant was convicted and sentenced as described. This appeal followed.

## II. ANALYSIS

Defendant argues that the prosecution failed to present sufficient evidence for a reasonable jury to convict him of felonious assault. We disagree.

"This Court reviews de novo defendant's challenge to the sufficiency of the evidence." *People v Meissner*, 294 Mich App 438, 452; 812 NW2d 37 (2011). In determining whether the evidence is sufficient to sustain a conviction, we review the record evidence in the light most favorable to the prosecution and consider "whether a rational trier of fact could have found the essential elements of the crime to have been proved beyond a reasonable doubt." *Id.* "Circumstantial evidence and reasonable inferences arising therefrom may constitute proof of the elements of a crime, and it does not matter that the evidence gives rise to multiple inferences or that an inference gives rise to further inferences." *People v Walker*, 330 Mich App 378, 382; 948 NW2d 122 (2019) (quotation marks, citations, and alteration omitted). It is the jury's role, as factfinder, to determine "the weight of the evidence [and] the credibility of witnesses," *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008), and "a reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict," *People v Oros*, 502 Mich 229, 239; 917 NW2d 559 (2018) (quotation marks and citation omitted).

MCL 750.82(1) states, in relevant part, that "a person who assaults another person with a gun . . . or other dangerous weapon without intending to commit murder or to inflict great bodily harm less than murder is guilty of" felonious assault. "To convict a person of felonious assault, the prosecution must prove (1) an assault, (2) with a dangerous weapon, and (3) with the intent to injure or place the victim in reasonable apprehension of an immediate battery." *People v McKewen*, ___ Mich ___; ___ NW3d ___ (2024) (Docket No. 158869); slip op at 3 (quotation marks and citation omitted). An assault is "either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *Meissner*, 294 Mich App at 453-454 (citation omitted). "A battery is an intentional, unconsented and harmful or offensive touching of the person of another . . . ." *People v Reeves*, 458 Mich 236, 240 n 4, 580 NW2d 433 (1998).

Here, defendant asserts that the evidence at trial was insufficient to convict him because he and the victim were always at a distance from one another during the incident in question and the victim admitted that he never saw defendant point the gun at him. Given these facts, defendant maintains, a rational jury could not have found that there was an attempt to commit a battery or a reasonable apprehension of an immediate battery. We see no merit in these arguments.

As discussed, the victim testified at trial that, during their dispute, defendant moved in the victim's direction, threatened to shoot the victim, and moved his hand toward the gun that was visible at his hip—all of which caused the victim to retreat inside the house in fear that defendant was about to shoot him. The jury clearly credited the victim's version of events, and we see no basis to disrupt that assessment. See *Oros*, 502 Mich at 239; *Kanaan*, 278 Mich App at 619.

Defendant offers no legal authority in support of the notion that, under these facts, a rational jury could not conclude beyond a reasonable doubt that defendant's threatening words and actions intentionally placed the victim in reasonable apprehension of receiving an immediate battery. There is nothing to indicate that, due to the distance between defendant and the victim or any other circumstance, defendant could not have possibly shot the victim—and in any event, "[f]or the apprehension-type assault, . . . a lack of actual ability to inflict the threatened harm is largely irrelevant and unnecessary, as long as the victim reasonably apprehends an imminent battery. Thus, the inquiry turns on what the victim perceived, and whether the apprehension of imminent injury was reasonable." *Reeves,* 458 Mich at 244 (citation and emphasis omitted); see also *People v Grant*, 211 Mich App 200, 202-203; 535 NW2d 581 (1995) (finding the defendant could be bound over for felonious assault for displaying a knife, walking toward the complainant (who was in her car), and saying he would "cut" her, while never coming closer to her than six or seven feet and turning and leaving when she rolled up her window); *People v Pace*, 102 Mich App 522, 534; 302 NW2d 216 (1980) (noting that "[m]erely displaying" a weapon "implies a threat of violence" and that "[a] felonious assault conviction can be sustained without proof of the use of or attempt to utilize any force at all"). Defendant fails to explain—and we fail to see—how the jury could not rationally conclude, based on the relevant legal standards and the evidence presented, that defendant placed the victim in reasonable apprehension of an imminent battery. The evidence, when viewed in the light most favorable to the prosecution, was sufficient to prove defendant's guilt of felonious assault beyond a reasonable doubt. *Meissner*, 294 Mich App at 452.[2]

Affirmed.

/s/ Michael J. Riordan
/s/ Thomas C. Cameron
/s/ Philip P. Mariani

---

[2] Defendant also cursorily suggests that his felony-firearm conviction should be vacated because the felony requirement was premised on the underlying felonious assault conviction, which should be vacated. See *People v Harding*, 443 Mich 693; 506 NW2d 482 (1993) ("If the substantive crime underlying a felony-firearm conviction must be vacated, then that accompanying felony-firearm conviction also must be vacated."). Given our rejection of defendant's challenge to his underlying felonious assault conviction, this argument fails.