*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellant/Cross-Appellee,

v

DWIGHT HALEAKALA KAPUNIAI,

        Defendant-Appellee/Cross-Appellant.

UNPUBLISHED
February 13, 2026
1:58 PM

No. 375242
Washtenaw Circuit Court
LC No. 24-001052-AR

Before: GADOLA, C.J., and BOONSTRA and PATEL, JJ.

PER CURIAM.

In this criminal interlocutory appeal, the prosecution appeals by leave granted[1] and defendant cross-appeals the circuit court's opinion and order vacating defendant's conviction of domestic violence on grounds of prosecutorial misconduct and reversing the district court's order denying defendant's motion for a new trial. Defendant's cross-appeal raises additional grounds for granting a new trial. We reverse in part and affirm in part.

## I. BACKGROUND

In the evening on July 2, 2023, the victim, CK, called 911 asking for an ambulance to transport her to the hospital because she was "severely intoxicated" and had "hurt [her] wrist." CK told the 911 operator that it was not an emergency, but she had gotten into an altercation with "somebody" and that her wrist looked "out of place." Eventually, CK admitted that the altercation was with defendant, her husband, but she refused to provide more information. CK stated that the police could not help her and that she was not safe. She asked the 911 operator if she knew anything about domestic violence. Trooper Dustin Pitcel of the Michigan State Police was dispatched to the home. CK was "visibly distraught and crying." CK's right hand and wrist were

---

[1] *People v Kapuniai*, unpublished order of the Court of Appeals, entered September 11, 2025 (Docket No. 375242).

visibly swollen, and she appeared to be bleeding from behind her left ear. CK did not say, however, that defendant assaulted her.

CK was distraught and tearful at the hospital. She reported that she was in an altercation with her husband and was injured in the process. CK explained that she was defending herself from being punched in the head and arm by blocking punches. The examining doctor documented that CK had "a lot of bruising to her wrist" and "a laceration on the back of [her] ear." The nurse's triage notes reflected that CK "state[d] she was in a dispute with her husband who hit her multiple times in the head with a closed fist and [she] injur[ed] her wrist [and] thumb while blocking." When asked if she felt safe at home, CK responded, "[S]ometimes."

Defendant was later arrested. He was tried before a jury in the district court on the charge of domestic violence (second offense). At trial, CK testified that she had gotten into an argument with defendant on the way home from a friend's house after defendant accused her of flirting with his friend. CK testified that she backhanded defendant, causing a small cut on his nose. CK stated that the verbal argument continued at their home but maintained that defendant did not assault her. Over defendant's objection, the 911 call was played for the jury.

In addition to testimony about the alleged assault in July 2023, the prosecutor asked about a prior incident between CK and defendant from July 2018. CK testified that, in 2018, she and defendant got into an argument that resulted in defendant's arrest. CK stated that she did not "remember much of anything that happened that day" but "was told that [she and defendant] got into a physical altercation" that was observed by witnesses. CK recalled that she had "some bruises" following the incident.

After the prosecution rested its case, defendant moved for a directed verdict on the ground that there was insufficient evidence to find defendant guilty of domestic violence. The district court denied the motion.

Defendant was convicted of domestic violence for the 2023 incident. He moved for a new trial, arguing that (1) the prosecutor engaged in misconduct by arguing facts not in evidence and seeking to inflame the jury, (2) the other-acts evidence was improperly admitted, and (3) the verdict was against the great weight of the evidence. The district court denied the motion.

Defendant appealed the denial of his motion for a new trial to the circuit court. The circuit court held that the prosecutor committed misconduct by arguing that CK had "been in an abusive relationship for years." The circuit court concluded that a new trial was warranted because "there was a substantial risk that the prosecution's unfounded remarks . . . may have materially affected the outcome of trial." The circuit court otherwise would have affirmed the district court's denial of defendant's motion for a new trial. The circuit court vacated defendant's conviction, reversed the district court's denial of defendant's motion for a new trial, and remanded the case for further proceedings.

Both parties now appeal.

## II. PROSECUTOR'S STATEMENT DURING CLOSING ARGUMENT

The prosecution argues that the prosecutor's statement during closing argument was a reasonable inference on the basis of the evidence and thus defendant was not denied a fair and impartial trial. We agree.

We review a trial court's decision on a motion for a new trial for an abuse of discretion. *People v Johnson*, 502 Mich 541, 564; 918 NW2d 676 (2018). "An abuse of discretion occurs when the court makes a decision that falls outside the range of reasonable and principled outcomes, or makes an error of law." *People v Christian*, 510 Mich 52, 75; 987 NW2d 29 (2022) (cleaned up). Underlying questions of law are reviewed de novo, *People v Duncan*, 494 Mich 713, 722; 835 NW2d 399 (2013), while "[a] trial court's factual findings are reviewed for clear error," *Johnson*, 502 Mich at 565. "Clear error occurs if the reviewing court is left with a definite and firm conviction that the trial court made a mistake." *Id*. (cleaned up). In performing this review, we give due regard to the "special opportunity of the trial court to judge the credibility of the witnesses who appeared before it." MCR 2.613(C). A circuit court's decision when reviewing a district court's denial of a motion for a new trial is not entitled to deference because we apply the same standard of review as the circuit court. See *People v Hudson*, 241 Mich App 268, 276; 615 NW2d 784 (2000).

"Generally, a claim of prosecutorial misconduct is a constitutional issue reviewed de novo." *People v Abraham*, 256 Mich App 265, 272; 662 NW2d 836 (2003). However, unpreserved claims of prosecutorial misconduct, as in this case, are reviewed for plain error affecting substantial rights. *People v Evans*, 335 Mich App 76, 88-89; 966NW2d 402 (2020). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). To satisfy the third element, the defendant must show that the error "affected the outcome of the lower court proceedings." *Id*. "Reversal is warranted only when the plain, forfeited error resulted in the conviction of an actually innocent defendant or when an error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings independent of the defendant's innocence." *Id*. at 763-764 (cleaned up). "Further, we cannot find error requiring reversal where a curative instruction could have alleviated any prejudicial effect." *People v Callon*, 256 Mich App 312, 329-330; 662 NW2d 501 (2003).

We review prosecutorial misconduct issues on a case-by-case basis by reviewing "the prosecutor's remarks in context to determine whether the defendant was denied a fair and impartial trial." *People v Mullins*, 322 Mich App 151, 172; 911 NW2d 201 (2017) (cleaned up). "The prosecutor's statements are to be evaluated in light of defense arguments and the relationship the comments bear to the evidence admitted at trial." *Id*. (cleaned up). "Generally, prosecutors are given great latitude regarding their arguments and are free to argue the evidence and all reasonable inferences from the evidence as they relate to their theory of the case." *Id*. (cleaned up). Overall, "given that a prosecutor's role and responsibility is to seek justice and not merely convict, the test for prosecutorial misconduct is whether a defendant was denied a fair and impartial trial." *People v Dobek*, 274 Mich App 58, 63; 732 NW2d 546 (2007). See also *Darden v Wainwright*, 477 US 168, 181; 106 S Ct 2464; 91 L Ed 2d 144 (1986).

The circuit court reasoned that CK's limited testimony about the 2018 incident between defendant and CK did not support an inference that CK had "been in an abusive relationship for years" and that, therefore, the prosecutor's argument "crossed the line" into arguing facts not in evidence. We disagree.

The prosecutor's argument that CK was "terrified" and had "been in an abusive relationship for years" was a reasonable inference in light of the evidence. Although CK provided limited testimony about the 2018 incident, CK admitted that a physical altercation with defendant occurred in 2018 in which police were called, she suffered bruises, and he was arrested. Moreover, the record contained evidence beyond the 2018 incident that clearly supported this inference. After being evasive when asked questions by the 911 operator about how she was injured and by whom, CK asked if the operator knew anything about domestic violence and then stated that the police could not protect her. At the hospital, CK told medical professionals that defendant hit her multiple times in the head with a closed fist and that the injuries to her wrist and thumb were from blocking those punches. When asked if she felt safe at home, CK responded, "[S]ometimes." Reviewing the prosecutor's remarks in context of the entire record, *Mullins*, 322 Mich App at 172, the prosecutor's statement that CK was "in an abusive relationship for years" was a reasonable inference from the evidence and did not invade defendant's right to a fair and impartial trial. Because there was no plain error, the district court did not abuse its discretion by denying defendant's motion for a new trial on this issue and the circuit court erred by concluding otherwise.[2]

### III. DEFENDANT'S CROSS-APPEAL

### A. PRIOR ACT OF DOMESTIC VIOLENCE

In his cross-appeal, defendant argues that the circuit court erred by affirming the district court's decision to admit evidence of a prior act of domestic violence against CK. Although the circuit court concluded that the other-acts evidence gave a more complete history of the relationship between defendant and CK, defendant argues that the incident had very little probative value and there was a substantial risk of prejudice. We disagree.

We review the trial court's decision to admit or exclude evidence for an abuse of discretion, but review de novo questions of law such as whether evidence is admissible under a particular rule or statute. *People v Denson*, 500 Mich 385, 396; 902 NW2d 306 (2017). "A trial court necessarily abuses its discretion when it admits evidence that is inadmissible as a matter of law." *Id*.

Generally, evidence of a defendant's other crimes, wrongs, or acts may not be used to show a defendant's propensity to commit a crime. MRE 404(b). However, the prohibition against the use of other-acts evidence to show propensity does not apply in the context of domestic violence.

_____

[2] The prosecution further argues that the circuit court erred by failing to apply the plain-error standard of review or any appellate standard when reviewing the district court's denial of defendant's motion for a new trial. Because we conclude that the prosecutor's statement was a reasonable inference from the evidence and did not invade defendant's right to a fair and impartial trial, it is not necessary for us to reach this issue.

See MCL 768.27b; *People v Pattison*, 276 Mich App 613, 616; 741 NW2d 558 (2007). MCL 768.27b(1) provides:

> [I]n a criminal action in which the defendant is accused of an offense involving domestic violence, evidence of the defendant's commission of other acts of domestic violence is admissible for any purpose for which it is relevant, if not otherwise excluded under Michigan rule of evidence 403.

"The language of MCL 768.27b clearly indicates that trial courts have discretion to admit relevant evidence of other domestic assaults to prove any issue, even the character of the accused, if the evidence meets the standard of MRE 403." *People v Cameron*, 291 Mich App 599, 609; 806 NW2d 371 (2011) (cleaned up). Under MCL 768.27b and subject to MRE 403, "prior-bad-acts evidence of domestic violence can be admitted at trial because a full and complete picture of a defendant's history tends to shed light on the likelihood that a given crime was committed." *Id*. at 610 (cleaned up).

Relevant evidence is admissible under MRE 403 if its probative value is not substantially outweighed by a danger of unfair prejudice, which includes "the tendency of the proposed evidence to adversely affect the objecting party's position by injecting considerations extraneous to the merits of the lawsuit, e.g., the jury's bias, sympathy, anger, or shock." *Id*. at 611. Unfair prejudice may also exist when there is a danger that "marginally probative evidence will be given undue or preemptive weight by the jury." *Id*.

"[W]hen applying MRE 403 to evidence admissible under MCL 768.27b, courts should weigh the propensity inference in favor of the evidence's probative value rather than its prejudicial effect." *People v Berklund*, __ Mich App __, __; __ NW3d __ (2024) (Docket No. 367568); slip op at 10. Considerations relevant to whether other-acts evidence must be excluded under MRE 403 as unfairly prejudicial include:

> (1) the dissimilarity between the other acts and the charged crime, (2) the temporal proximity of the other acts to the charged crime, (3) the infrequency of the other acts, (4) the presence of intervening acts, (5) the lack of reliability of the evidence supporting the occurrence of the other acts, and (6) the lack of need for evidence beyond the complainant's and the defendant's testimony. [*Id*. at __; slip op at 10, quoting *People v Watkins*, 491 Mich 450, 487-488; 818 NW2d 296 (2012).]

At the outset, we find no merit in defendant's argument that we should presume that the district court erred because it did not make a ruling on the record at trial. Although the district court did not state its reasoning on the record at trial, the court sufficiently explained its reasoning when addressing defendant's motion for a new trial. Relying on *Cameron*, the district court concluded that the evidence was relevant. The district court also concluded that defendant had not demonstrated that the other-acts evidence "swayed" the jury in "an irrational way."

The other-acts evidence was relevant to show defendant's propensity to commit domestic violence against CK. See *People v Rosa*, 322 Mich App 726, 732; 913 NW2d 392 (2018). The other-acts evidence provided information on the history and background of the parties and their relationship. Like the 2023 incident, the 2018 incident involved a physical altercation between

defendant and CK after they had consumed alcohol. The incidents were approximately five years apart, which is not a substantial amount of time. The evidence at trial clearly implied that defendant had committed other acts of violence against CK, so the 2018 incident was not an isolated incident. Further, there was no evidence of intervening acts that would diminish the relevancy of the 2018 incident. And evidence beyond CK's testimony was necessary because CK denied that defendant assaulted her during the 2023 incident.

The probative value of the other-acts evidence was not "substantially outweighed" by a risk of unfair prejudice. See MRE 403. CK's testimony was limited and provided no details that were likely to inflame the jury's bias, sympathy, anger, or shock. Further, there was no danger that the other-acts evidence was given undue weight because the testimony was limited and there was other evidence from which the jury could have found that defendant assaulted CK during the 2023 incident. The district court did not abuse its discretion by admitting the other-acts evidence and the circuit court did not err by affirming the district court's decision.

## B. SUFFICIENCY OF THE EVIDENCE

Defendant also argues that there was insufficient evidence to prove beyond a reasonable doubt that he assaulted CK. We disagree.

"Challenges to the sufficiency of the evidence are reviewed de novo." *People v Xun Wang*, 505 Mich 239, 251; 952 NW2d 334 (2020). "In reviewing the sufficiency of the evidence, this Court must view the evidence—whether direct or circumstantial—in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proven beyond a reasonable doubt." *People v Kenny*, 332 Mich App 394, 402-403; 956 NW2d 562 (2020). "[A] reviewing court is *required* to draw all reasonable inferences and make credibility choices in support of the jury verdict." *People v Oros*, 502 Mich 229, 240; 917 NW2d 559 (2018) (cleaned up). "It is for the trier of fact, *not the appellate court*, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *Id*. (cleaned up). Any and all conflicts that arise in the evidence must be resolved "in favor of the prosecution." *People v Mikulen*, 324 Mich App 14, 20; 919 NW2d 454 (2018).

There is sufficient evidence for a guilty verdict when "a rational trier of fact could find the defendant guilty beyond a reasonable doubt." *People v Tennyson*, 487 Mich 730, 735; 790 NW2d 354 (2010). "The prosecution need not negate every reasonable theory of innocence; instead, it need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant." *Mikulen*, 324 Mich App at 20. "Circumstantial evidence and the reasonable inferences that arise from that evidence can constitute satisfactory proof of the elements of the crime." *People v Blevins*, 314 Mich App 339, 357; 886 NW2d 456 (2016).

Under MCL 750.81(2), an individual is guilty of the misdemeanor of domestic violence when the individual "assaults or assaults and batters the individual's spouse or former spouse, an individual with whom the individual has or has had a dating relationship, an individual with whom the individual has had a child in common, or a resident or former resident of the individual's household." Assault is defined as "either an attempt to commit a battery or an unlawful act that places another in reasonable apprehension of receiving an immediate battery." *People v Starks*,

473 Mich 227, 234; 701 NW2d 136 (2005). Battery is defined as "an intentional, unconsented and harmful or offensive touching of the person of another . . . ." *People v Reeves*, 458 Mich 236, 240 n 4; 580 NW2d 433 (1998).

At trial, there was evidence that defendant accused CK of flirting with his friend, which resulted in an argument. Shortly after the argument, CK called 911 and stated that her wrist was "out of place" and that she was too intoxicated to drive to the hospital. CK evaded the 911 operator's questions about how she was injured and who assaulted her, but she eventually admitted that she was in an altercation with defendant. CK asked the operator if she knew anything about domestic violence and stated that the police could not protect her. At the hospital, CK was reluctant to call the incident anything more than an altercation and did not want her husband to get in trouble. CK told medical personnel that it was a "fair fight," and she injured her wrist and thumb blocking punches as defendant "hit her multiple times in the head with a closed fist." At trial, CK testified repeatedly that defendant did not assault her.

Viewing the evidence in a light most favorable to the prosecution, there was sufficient evidence to enable the jury to find beyond a reasonable doubt that defendant was guilty of domestic violence. Determining what inferences may be fairly drawn from the evidence and determining the weight of the evidence is the role of the jury. *Oros*, 502 Mich at 240. The district court did not err by denying defendant's motion for a directed verdict, and the circuit court did not err by affirming the district court's decision.

## C. GREAT WEIGHT OF THE EVIDENCE

Defendant argues that his conviction was against the great weight of the evidence because CK testified that defendant did not assault her. We disagree.

"A verdict is against the great weight of the evidence and a new trial should be granted when the evidence preponderates heavily against the verdict and a serious miscarriage of justice would otherwise result." *Evans*, 335 Mich App at 87 (cleaned up). "Generally, a verdict may be vacated only when the evidence does not reasonably support it and it was more likely the result of causes outside the record, such as passion, prejudice, sympathy, or some other extraneous influence." *People v Lacalamita*, 286 Mich App 467, 469; 780 NW2d 311 (2009). As our Supreme Court has explained, "absent exceptional circumstances, issues of witness credibility are for the jury, and the trial court may not substitute its view of the credibility for the constitutionally guaranteed jury determination thereof." *People v Lemmon*, 456 Mich 625, 642; 576 NW2d 129 (1998) (cleaned up). Therefore, when issues involving witness credibility arise, "if it cannot be said as a matter of law that the testimony thus impeached was deprived of all probative value or that the jury could not believe it, the credibility of witnesses is for the jury." *Id*. at 643 (cleaned up).

Defendant's argument rests solely on the credibility of CK's testimony that she was not assaulted by defendant.[3] Motions for a new trial based solely on a witness's credibility are not favored. *Id*. at 639. CK's testimony was contradicted by her prior statements and did not overcome the other evidence that led to the reasonable inference that defendant assaulted CK. It was the role of the jury to weigh the evidence. Defendant has not identified any exceptional circumstances that would warrant invading the jury's role and it cannot be said that CK's testimony deprived all the other evidence of any probative value. See *id*. at 642-643. The district court did not abuse its discretion by denying defendant's motion for a new trial and the circuit court did not err by affirming the district court's decision.

We reverse the circuit court's opinion and order that vacated defendant's conviction on the basis of the prosecutor's statements during closing argument but affirm in all other respects. We do not retain jurisdiction.

/s/ Michael F. Gadola
/s/ Mark T. Boonstra
/s/ Sima G. Patel

---

[3] Defendant argues that the 911 call was inadmissible hearsay; however, defendant waived this issue because he did not raise it in his questions presented. See *People v Fonville*, 291 Mich App 363, 383; 804 NW2d 878 (2011); see also MCR 7.212(C)(5) (stating that an appellant's brief must contain "[a] statement of questions involved, stating concisely and without repetition the questions involved in the appeal.").